# DAVID L. HOUGH

## *v.*

## MICHAEL COUGHLAN *et al.*

1. SPECIFIC PERFORMANCE — *discretion of the court.* It is an established doctrine in chancery, that an application for a decree of specific performance is addressed to the sound legal discretion of the court, and a decree does not follow as matter of course, because a legal contract is shown to exist.

2. So, where a long period of time has elapsed, courts will be cautious in enforcing a specific performance.

3. RIGHT TO SPECIFIC PERFORMANCE DEFEATED — *lapse of time, contract disclaimed, adverse possession, improvements.* And, where a bond was made in 1849, assigned to the complainant twelve years afterward, during which time the assignor repeatedly disclaimed all interest in the land, and during the last eight years of which the grantees of the person who made the bond were in actual possession, cultivating it and making valuable improvements on it, all with the knowledge of both assignor and assignee, a specific performance was refused.

4. Under such circumstances, all parties interested were bound to take notice of a possession so notorious and visible, and they must be charged with all legal and equitable claims of the occupants.

5. DELAY — *its effect.* It is the settled doctrine that great delay of either party, unexplained, in not performing a contract, or in not prosecuting his rights under it, constitute such *laches* as to amount, for the purpose of specific performance, to an abandonment of the contract, and equity will afford no aid.

6. So, where an action for title under a bond was delayed for more than twelve years after the alleged purchase, and the delay was not accounted for, and during all that time the land was in the notorious occupancy of parties claiming title, by deed, of record, and who had made valuable improvements, and no claim under the bond had been asserted, a bill for specific performance was properly dismissed.

7. POSSESSION AND IMPROVEMENT — *title aided by.* Where, under a title of record, a party converts wild land into a productive farm, by expending labor and money, and makes it a home, and all this with the knowledge of one holding a bond for title, who stands by in silence for twelve years, *held*, that equity would not take such property under such circumstances, from the occupants, even by a decree which required them to be re-imbursed for the improvements.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was a bill in chancery, filed by David L. Hough in the Circuit Court of La Salle county, and on a change of venue sent to the Circuit Court of Lee county, where it was heard and determined. The prayer of the bill was for specific performance of a contract to convey land. On a final hearing the bill was dismissed, and this appeal is taken to reverse that decision.

The bond on which the bill is founded, was made 2d October, 1849, by Michael Coughlan to Timothy Horgan, for the consideration of $88.57½. It was assigned to D. L. Hough on the 25th January, 1862. The bill was filed 27th August, 1862.

132          Hough v. Coughlan *et al*.          [April T.,

Brief for the Appellant.     Brief for the Appellees.

The answer alleges, that the bond was never delivered; that the consideration for it was never paid; that the possession of the bond was obtained by fraud and without payment; that Hough has no interest in the premises except as an attorney to prosecute for Horgan and receive one-half that may be realized, and that the assignment was taken with notice of the rights of the defendants. The answer then alleges title in the defendants through a warranty deed, dated 21st April, 1851, from Michael Coughlan, for a valuable consideration, possession since that time, cultivation and improvements. Denies the right to a specific performance after so great a lapse of time and under the circumstances.

Mr. G. S. Eldridge, for the appellant.

1. *Laches* can only be insisted upon where the complainant seeks to be relieved from a contract, with which he has failed to comply.

2. The appellees are not in a condition to set up *laches* by the appellant, for they have no rights. It does not appear that they ever paid a dollar for the land.

3. A party will not be estopped by a declaration made to a stranger which was never communicated to or influenced the party setting up the estoppel. *Dezell* v. *Odell*, 3 Hill (N Y.), 224; *Massure* v. *Noble*, 11 Ill. 531, and authorities there cited; *Lawrence* v. *Brown*, 1 Seld. 401; *Thomas* v. *Bowman*, 29 Ill. 429; *Jackson* v. *Brinkerhoof*, 3 Johns. Ch. 101; 7 Barb. 649; 5 id. 375.

Mr. Oliver C. Gray, for the appellees.

1. Declarations in disparagement of the title of the declarant bind those in privity with the party making them. 1 Greenl. Ev. § 109, 188.

2. The assignee is bound by the previous admissions of his assignor, and occupies his position. So where he acquires title with notice of the true state of that of the assignor, or purchases a stale demand, or one tainted with suspicion. 1 Greenl.

Ev. § 190; 1 Phil. Ev. 332; 8 Geo. 61; 18 Miss. (3 Bennett) 405; 12 Ired. 247; 34 Maine, 386; 5 Rich. Eq. 128; 27 Ala. 10, 314, 706; 25 id. 415; 20 Penn. 295.

3. The visible possession of premises charges a purchaser with notice of all the equitable claims of the occupants, and those under whom they hold. *Brown et al.* v. *Gaffney*, 28 Ill. 150.

4. Hough is precluded by lapse of time and adverse possession. *Smith* v. *Clay*, Ambler, 645; 10 Peters, 222; 2 Jac. & Walker, 138; 9 Wheat. 497; 10 id. 168; 1 Sugd. on Vendors, 341; 3 Peters, 66; 6 id. 52; 5 id. 490; 7 J. C. 122; 10 Wheat. 150, 174; 9 Peters, 416.   Especially when unexplained.   17 Ves. 88; 89, 96; 1 J. & W. 62, 63, and note; 1 J. C. 47, 354; 3 id. 218, 586; 5 id. 187; Story's Eq. Pl. § 756 a; 1 Story's Eq. Jur. § 64 a, and cases there cited.   See, also, *Anderson* v. *Frye*, 18 Ill. 95; *Dickerman et al.* v. *Burgess et al.*, 20 id. 276.

5. All bills in equity which seek to disturb long possession deserve the utmost discouragement.   1 Atk. 467; Story's Eq. Pl. § 813, and cases there cited.

6. Contracts will not always be specifically enforced; the court will use a discretion. *Lear* v. *Chouteau et al.*, 23 Ill. 39; *Stone* v. *Pratt*, 25 id. 25; 1 Sugd. on Vendors, 341.

7. One who looks on and permits a purchase and improvements without making known his claim, shall not be permitted to assert it afterward. *Cochran* v. *Harrow*, 22 Ill. 349.

Mr. Justice Breese delivered the opinion of the Court:

This was a bill in chancery, exhibited in the La Salle Circuit Court, by David L. Hough against Michael Coughlan and others, for the specific performance of the contract therein set forth, to convey a certain tract of land.   The venue was changed to Lee county, where a decree passed dismissing complainant's bill.

To reverse this decree, the record is brought here by appeal, and various errors assigned.

We have deemed it necessary to consider but two points made, as they seem to be decisive of the case.

It is the established doctrine in chancery, that applications of this kind are addressed to the sound legal discretion of the court, and it is not a matter of course that a specific performance will be decreed because a legal contract is shown to exist (*Frisby* v. *Balance*, 4 Scam. 287); and, where a long period has elapsed, courts will be cautious in enforcing a specific perform· ance. *Rector* v. *Rector*, 3 Gilm. 105.

In this case, it appears, that the bond under which appellant sets up his equity, was executed to Horgan on the second of October, 1849, and was assigned to complainant on the 25th of January, 1862, more than twelve years after the execution of the bond.

It is in proof also, that Horgan, before the alleged assignment, repeatedly disclaimed all interest in the land, and that, as early as 1853, the land was in the actual possession of Coughlan's grantees, or of those claiming under him; that they cultivated it, and made valuable improvements on it, with the knowledge of Horgan and appellant, long prior to his· assignment to appellant. The possession was so notorious and visible, that all parties interested were bound to take notice of it, and they must be charged with all legal and equitable claims of the occupants. *Brown et al.* v. *Gaffney et al.*, 28 Ill. 149.

Another point made against appellant is, the unexplained *laches* of Horgan.

It is the settled doctrine of courts of equity in England, and of this court, that great delay of either party unexplained, in not performing the terms of a contract, or in not prosecuting his rights under it, by filing a bill, or in not prosecuting his suit with diligence when instituted, constitute such *laches* as would forbid the interference of a court of equity, and so amount, for the purpose of specific performance, to an abandonment, on his part, of the contract. Fry on Specific Performance, 218.

This text is supported by *Mackreth* v. *Marlar*, 1 Cox's Ch. C. 259, decided by Lord KENYON, and the doctrine is sanctioned

by numerous subsequent cases. The leading case is *Milward v. The Earl Thanet*, 5 Vesey, 720, in which Lord ALVANLEY said, a party cannot call upon a court of equity for a specific performance unless he has shown himself ready, desirous, prompt and eager. The case of *Marquis of Hertford v. Boore*, 5 Ves. 719, is to the same effect, and so is *Eaton v. Lyon*, 3 id. 690, and many others which might be cited. From these, and kindred cases, has been eliminated the doctrine that a court of equity will give no aid to a party who has been guilty of gross laches, not satisfactorily explained. Horgan's delay in prosecuting an action for the title more than twelve years after his alleged purchase, is wholly unaccounted for, and must be referred to the repeated disclaimers made by him prior to his assignment, that he had paid nothing for the land and had no interest in it. During all this time, the land was in the visible, open and notorious occupancy of parties claiming title to it, and who had made valuable improvements thereon, and a deed for it on the records of the county. It is inconceivable, if Horgan believed he had an equity, that he would not have asserted it in some mode, or made some effort to that end.

We see nothing in this case which would justify this court, in the exercise of a sound legal discretion, to decree a specific performance of the contract with Horgan, and thus deprive the appellees of valuable property, made so by their own labor and expenditures of money. They have converted wild land into a productive farm and made of it a home, and all this with the knowledge of appellant and of his grantor. Great, then, would be the injustice, under the circumstances developed in this case, to take this from them, even though a decree might be passed requiring appellant to re-imburse them for the improvements. We place our decision on the ground of this notorious occupancy, and the gross *laches* in the party who assigned to appellant. We cannot see any thing in the case demanding the interposition of a court of equity.

The decree of the Circuit Court must be affirmed.

*Decree affirmed.*