MARY L. WALKER

*v.*

ESTHER RAY.

*Filed at Ottawa November 17, 1884.*

1. LIMITATIONS, *and lapse of time aside from the statute—in equity.* As a general rule, subject to a few exceptions, a court of chancery follows the law in applying the Statute of Limitations to cut off stale demands; and where there are exceptions, a sufficient equitable excuse should be alleged and proved to account for the delay.

2. SAME—*adverse possession of land—to defeat a specific performance —laches, within the statutory limit.* While a court of equity, as a general rule, will give effect to the Statute of Limitations, it goes further in the interest of justice, and holds there is *laches* in many cases where there would be no bar to an action at law. Adverse possession of land for the statutory period of limitation, under a legal title, is not necessary to defeat a bill in equity to establish an equitable title, and enforce a specific performance of a verbal contract.

3. SAME—*laches as against infants. Laches* will not be imputed to infants during the period of the disability. It will be imputed only from the removal of the disability.

4. PLEADING AND EVIDENCE—*defence as against imputation of laches —how availed of.* In equity, if a complainant has any grounds of exception to prevent the bar of *laches*, or repel the presumption arising from delay in asserting an alleged right, the proper practice requires him to state such matters of avoidance in his bill; but under the present liberal practice as to amendments, the court may allow such matters to be brought into the case by an amendment to the bill. This equitable bar to relief can not be avoided by proof showing an excuse for the delay, unless such excuse is alleged in the bill.

5. In this case, a bill for the specific performance of a verbal contract to convey an interest in land, was filed by the complainant about twenty-five years after the alleged contract, against a minor heir and her father, having a life estate. It failed to allege any excuse for the delay. On writ of error by the minor, on arriving at her majority, a decree against her was reversed on account of the insufficiency of the bill, it showing on its face a want of equity.

6. It is a familiar rule of chancery practice that the allegations in the pleadings must agree with the proofs. Any evidence which has not its proper foundation in the pleadings, can not avail.

7. SAME—*former decision.* So far as anything here said is in conflict with the case of *Trustees of Schools* v. *Wright*, 12 Ill. 432, it is intended to overrule that case to that extent.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiff in error:

The bill, on its face, shows such delay and *laches* as to form a bar to the suit. That appearing in the bill, advantage of it could have been taken by demurrer. 1 Daniell's Chancery Practice, 559, note 9.

Upon the face of the decree the bill was barred, and the decree shows conclusively that no claim ever existed, or that it has been surrendered or released. Powell on Evidence, 49, 327; Mathews on Presumptive Evidence, 5, 8, 11–13, 382, 387, 388, 413; Fonblanque's Equity, 331; Broom's Legal Maxims, 892, 893, 897; 1 Greenleaf on Evidence, sec. 32.

In *McDonald* v. *Stow*, 109 Ill. 45, this court held that delay of seven years should bar the assertion of a resulting trust; fifteen years was held a bar in *Whipple* v. *Whipple*, 109 Ill. 424; fourteen years in *Rogers* v. *Simmons*, 55 Ill. 77; nineteen years in *Castner* v. *Walrod*, 83 Ill. 171; less than five years in *Williams* v. *Rhodes*, 81 Ill. 571; eighteen years in *Carpenter* v. *Carpenter*, 70 Ill. 463; and twenty years in *Walker* v. *Carrington*, 74 Ill. 446. In *Dickerman* v. *Burgess*, 20 Ill. 276, the court said: "It is also a rule that a party shall not claim the aid of a court of equity, who has been guilty of *laches*, unless that *laches* can be imputed to the party claiming against him." And in *McKean* v. *Vick*, 108 Ill. 376, it was held that seven years' delay, unexplained, bars all claims for money against the land of a deceased person.

Courts will not enforce a resulting trust after a great lapse of time, or *laches* on the part of the supposed *cestui que trust*. Perry on Trusts, sec. 141.

A minor is entitled to the protection of the courts, whether his guardian pleads properly or not. *Gilmore* v. *Gilmore*, 109 Ill. 277; *Stark* v. *Brown*, 101 id. 395.

A guardian or next friend is powerless to admit away any of the rights of a minor. *Railroad Co.* v. *Kennedy*, 70 Ill. 350; *Greenman* v. *Harvey*, 53 id. 389; *Cochran* v. *McDowell*, 15 id. 10; *Reddick* v. *State Bank*, 27 id. 148; *Masterson* v. *Wiswold*, 18 id. 48.

Mr. ALBERT H. VEEDER, Mr. A. H. LAWRENCE, and Mr. F. A. SMITH, for the defendant in error:

The defence of the Statute of Limitations, and *laches,* was not in any mode pleaded to Ray's bill. If a party would rely upon such defence, he must set it up by demurrer, plea or answer.

A person having an equitable interest in land can enforce it in equity, the same as he could at law, if his title were legal. If he would not be barred at law, he would not in equity. Daniell's Chancery Practice, 560; *Kane County* v. *Herrington.* 50 Ill. 232; *Ryder* v. *Emrich,* 104 id. 470.

None of the cases cited relating to *laches,* involved resulting trusts. Until a title, be it legal or equitable, is denied, and a hostile possession taken, the limitation does not commence to run. *Clark* v. *Lyon,* 45 Ill. 388.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In February, 1848, Thomas A. Speers paid to the receiver of the land office at Chicago, fifty dollars for the entry of the south-east quarter of the north-west quarter of section 17, town 37, north, range 15, east of the third principal meridian, containing forty acres, and received a certificate of entry therefor. In May, 1849, a patent was issued to him for the land. In 1854 or 1855 he died intestate, leaving no widow, but a child, named Josephine Speers, then ten years old, as his only heir at law, to whom the title descended. Subsequently, about the year 1860, she intermarried with Sidney P. Walker, and had one child, Mary Louise, born the 21st of December, 1863. In October, 1864, Josephine died intestate, leaving surviving, her husband, Sidney P. Walker, and Mary Louise Walker, then ten months old, her only child and heir, to whom this land descended. On the 31st of January, 1874, Samuel Ray, whose wife was an aunt of Mary Louise Walker, filed a bill against the latter and her father, Sidney P. Walker,

who was tenant by the curtesy and guardian of Mary Louise, alleging the purchase and descent of the land as here stated, but claiming that complainant was entitled to two-thirds of the land, and Mary Louise held the title to his interest in trust for him. He alleged that himself, Speers, and Martin G. Taylor, furnished the money, in equal parts, to enter the land, and it was the arrangement that each was to own an undivided one-third part, and it was to be entered and patented in the name of Speers, and he was to convey their several interests to complainant and Taylor. It is further alleged, that about the first of May, 1850, after the patent was issued to Speers, Taylor, for a valuable consideration paid to him by complainant, sold his interest and claim thereto to complainant, and afterwards, on the 23d of June, 1873, Taylor and wife quitclaimed their interest to complainant, which deed was recorded. On the 21st of July, 1877, on a hearing, the court rendered a decree directing the title for two-thirds of the tract to be conveyed to complainant, according to the prayer of the bill, which was done. On the 23d of January, Samuel Ray died testate, having devised the land to his widow, Esther Ray, and Sarah J. Mann, Harriet Smith and Josephine Kleinman, by his last will, which was, on the 6th of February, 1880, admitted to probate. On December 2 of that year, Esther Ray sold her interest to E. C. Kirkwood, who, through a third party, conveyed it to Alice Kirkwood, his wife, on the 28th of June, 1881. On the 21st of December, 1881, Mary Louise Walker became eighteen years of age, and on the 22d of August, 1883, filed a transcript of the record in this court, and in it assigned errors, questioning the correctness of the decree.

It is urged that a delay of over twenty-five years after the patent was issued vesting the title in Speers, before Ray filed his bill, unexplained, is such gross. *laches* as to bar all relief. As a general rule, subject to few exceptions, a court of chancery follows the law in applying the Statute of Limitations

to cut off stale demands; and where there are exceptions, a sufficient equitable excuse should be alleged and proved to account for and justify the delay. In *Henry County* v. *Winnebago Drainage Co.* 52 Ill. 299, it was said, that if complainant has any ground of exception to prevent the bar, or the presumption arising from the length of time, the bill should state it,—that it would not be subject to demurrer. This is no doubt the correct practice; but under our liberal practice allowing amendments, if the bill was defectively framed in this respect and a demurrer was sustained, or the bar of *laches* was set up as a defence, the court would permit an amendment of the bill to avoid the bar, if the case was within any exception to the statute, or complainant could show an equitable excuse for delay in filing his bill. The same doctrine was announced in *Anderson* v. *Frye*, 18 Ill. 94. It was there held that a party seeking specific performance must show himself not to be in default in performing the agreement, and "if he has been guilty of gross *laches*, or if he applies after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed." The same rule was announced in *Iglehart* v. *Gibson*, 56 Ill. 81. In the case of *Hough* v. *Coughlan*, 41 Ill. 130, it was said: "It is the settled doctrine of courts of equity in England, and of this court, that great delay of either party, unexplained, in not performing the terms of the contract, or in not prosecuting his rights under it by filing a bill, or in not prosecuting his suit with diligence when instituted, constitutes such *laches* as would forbid the interference of a court of equity, and so amount, for the purpose of specific performance, to an abandonment, on his part, of the contract." This was a bill for a specific performance, and it showed that twenty-six years had elapsed after Ray's rights accrued, and a bill could have been maintained for a specific performance at any time before the bill was filed. Nor does the bill allege any excuse for the delay. It was therefore defective,—so much so, that it not

only failed to show a right to relief, but on the contrary, it, on its face, showed defendant in error was not entitled to a decree. (*Lloyd* v. *Kirkwood*, 112 Ill. 329.) Had a demurrer been interposed, it would have been sustained, because there was no equity on the face of the bill. So far as anything is here said in conflict with the case of *Trustees of Schools* v. *Wright*, 12 Ill. 432, it is intended to overrule that case to that extent.

A bill wholly insufficient to authorize the relief sought is never aided by proof. If every allegation of a bill that shows a want of equity, is proved, the proof shows no more equity than the bill; and if the proof goes beyond such a bill as establishes ground for relief, the relief can not be granted, because the allegations and proofs do not correspond. It is a familiar rule of practice that the allegations and the proofs must agree. Here, the bill showing defendant in error was not entitled to relief, it was error to decree it, because it was inequitable. It is therefore immaterial whether there was a certificate of evidence or not, or whether the court below was, or not, warranted in finding, by the decree, that the allegations of the bill were proved, because if they were, they constituted no ground of relief, because there was gross *laches* in filing the bill,—so gross as to preclude the decree for relief.

The cases of *Kane County* v. *Herrington*, 50 Ill. 232, and *Ryder* v. *Emrich*, 104 id. 470, are referred to by defendant in error as controlling this case. We fail to perceive that the facts are at all similar. In the former of these cases the county entered upon and appropriated lots to which minor heirs held a trust, of which the agents of the county had notice. After arriving at age, the heirs filed a bill to enforce their trust estate. The county insisted that they were precluded from relief because the claim was stale; but it was held that the portion of time they were minors should not be considered in determining that question; that the time, only, that elapsed after they arrived of age could be taken into

account; that in analogy to the Statute of Limitations, a sufficient time must elapse after arriving at age, to bar an' action at law, before there could be a bar in equity. There, the party not under disability was seeking to invoke the bar against minors,—here, the minor interposes the bar against a party who was under no disability. In this there is a broad and clear distinction. If that case has any bearing on this, it is in favor of plaintiff in error, because she was a minor, and during that period *laches* can not be imputed to her. In the case of *Ryder* v. *Emrich, laches* was endeavored to be invoked against minors, and it was held that time did not run against them, in equity, any more than at law. Thus it is seen these cases have no controlling effect in favor of defendant in error, as he was not a minor, but they do establish the rule that *laches* will not be imputed to infants.

It is urged that inasmuch as the statute will not bar an action of ejectment unless there has been an adverse possession, the rule in equity must be the same,—that in this case plaintiff in error never took possession, but the premises are unimproved and vacant. This is not the rule as to *laches,* in equity. The delay or *laches,* in equity, does not in all cases conform to the statute, whilst equity, as a general rule, will give effect to the Statute of Limitations. It goes farther, in the promotion of justice, and holds there is *laches* in many cases where there would be no bar to an action at law. There are numerous cases in this court where the doctrine of delay has been applied to defeat the relief sought, where the statutory period had not run. In some cases two years' delay has been held to bar relief. Where there is such a change in the relations of the parties, or such a change in the subject matter of the suit, as to render it inequitable to grant relief, it will be refused, without reference to the statutory period; or where the delay is so great in asserting the right, as to create the presumption that complainant had abandoned his claim, relief will be denied. (*Hough* v. *Coughlan, supra.*)

The court, in applying *laches* as a bar, acts on broader and more comprehensive rules than the Statute of Limitations.

In this case complainant delayed the assertion of his rights for more than a quarter of a century after he could have filed his bill and obtained such relief as he was entitled to have. Such delay compels the inference that he had abandoned his claim long before he filed his bill, and a change of value of the property, or some other motive, induced him to revive his claim. Had he regarded his claim of any value, or had he intended to assert it, he surely would, on purchasing Taylor's interest, have had some writing to evidence the purchase. On the contrary, he permitted it to lie on a mere verbal understanding with him, for twenty-three years. This, if not conclusive, is very satisfactory evidence that he had abandoned the claim. It is too stale to be enforced in equity. The *laches* is gross, and the decree must be reversed and the cause remanded.

*Decree reversed.*