MARY LOUISE LLOYD

*v.*

ALICE R. KIRKWOOD *et al.*

*Filed at Ottawa November 17, 1884.*

1. INFANTS—*as wards of the court—interests to be protected, how—supervision over conduct of guardian as to defences to be interposed.* An infant suitor or defendant, when brought into court, becomes the ward of the court, whose duty it is to see that his rights in the subject matter of the litigation are properly presented and protected. If the general guardian fails to appear, the court should appoint a guardian *ad litem* to look after the infant's rights.

2. If the guardian who undertakes this trust, whether he be the general guardian, or guardian *ad litem*, fails to properly protect the interests of the ward, it is the duty of the court, *sua sponte*, to compel him to do so whenever that fact comes to the knowledge of the court. The court should see that the proper pleadings are made to present any defence the infant may have.

3. SAME—*failure to interpose the defence of laches in behalf of an infant—decree showing that fact—remedy by bill of review.* Where a bill to establish and enforce a resulting trust as against an infant heir, showed upon its face that the alleged trust arose twenty-five years before suit, and the court rendering a decree therein against the infant failed to require the guardian *ad litem* to set up the *laches* in defence, it was *held*, that the proceedings and decree against the infant showed error on their face, sufficient to justify the court in setting the decree aside on bill filed by the infant.

4. SAME—*grounds for bill of review, generally.* A decree against an infant may be impeached for fraud or for error of law apparent upon the face of the record, on a bill of review or bill in the nature of a bill of review, filed by the infant before arriving of age, or within three years after his majority.

5. SAME—*as to the binding· effect of a decree against an infant—qualification of the right to have decree set aside.* A decree against an infant in this State is absolute in the first instance, like one against an adult, subject to the right, however, to attack it by original bill, for either fraud, or error, merely; but until so attacked, and set aside or reversed, on appeal or error, it is binding to the same extent as any other decree or judgment.

6. The rule allowing an infant, before or after his majority, to impeach and set aside a decree against him for error, is subject to the qualification, that the decree, when the court rendering it had complete jurisdiction, will not be thus set aside as against third persons who have, in good faith, acquired rights under it. But as against the original parties to the suit, and their legal representatives, the rule will be enforced.

7. LACHES—*lapse of time as a bar to a bill to establish a resulting trust.* Where a party claiming a resulting trust as to an interest in land, sleeps on his rights for twenty-five years before filing a bill to establish and enforce the same, during which time the original owner and his heir have died, such *laches* and delay, unexplained, will be a complete bar to the relief sought. The fact that the land has remained unoccupied, is no sufficient excuse for the delay.

8. CROSS-BILL—*whether germane to original bill.* Where a plaintiff, after having obtained a decree against an infant owner of land establishing a resulting trust as to two-thirds of the land, and investing him with the legal title, filed his bill for a partition of the premises, and the infant, after answering, filed a cross-bill to impeach and set aside the decree under which the plaintiff derived title, on the ground of error in the proceedings, it was *held*, that such cross-bill was properly filed, and that it was error to dismiss the same as not being germane to the original bill.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. EDWARD ROBY, for the appellant:

If the cross-bill was improperly filed, plaintiffs should have moved to strike it from the files. By demurring they admitted it was properly filed. *Forman* v. *Stickney,* 77 Ill. 577.

This bill was clearly maintainable as a bill of review, for fraud and error on the face of the decree, and it was error to dismiss it.

Upon the face of the decree the claim was clearly barred. The evidence was conclusive that no claim ever existed, or that it had been surrendered or released. Powell on Evidence, *49, 327; Matthews on Presumptive Evidence, 5, 8, 11, 12, 13, 382, 387, 388, 413.

The bill is to be maintained as a bill impeaching the original decree for fraud in obtaining it, and the parties are to be placed in the same condition as if it had never existed. The purchaser has gained no right under it. 2 Daniells' Ch. Pr. 1584; Cooper's Eq. Pl. 96, 97; Mitford's Eq. Pl. 73; *Carew* v. *Johnston,* 2 Sch. & Lef. 280.

Bill may be maintained to impeach a decree against an infant, for fraud in obtaining it, or for error. *Gooch* v. *Green,* 102 Ill. 507; *Loyd* v. *Malone,* 23 id. 43; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Griggs* v. *Gear,* 3 Gilm. 2.

On a bill to carry a former decree into execution, the defendant may have it modified or annulled. And this bill will lie for that purpose. 2 Daniells' Ch. Pr. 1586.

A minor is entitled to the protection of the court, whether his guardian pleads properly, or not. *Gilmore* v. *Gilmore,* 109 Ill. 277; *Stark* v. *Brown,* 101 id. 395.

The next friend is powerless to yield any of the infant's rights. *Railroad Co.* v. *Kennedy,* 70 Ill. 350.

Neither a guardian, nor guardian *ad litem,* can, by answer, or in any other way, admit that the matters of fact stated in the bill are true, so as to dispense with the necessity of proving, by competent evidence, the facts alleged against the infant's rights. *Greenman* v. *Harvey,* 53 Ill. 389; *Cochran*

v. *McDowell*, 15 id. 10; *Reddick* v. *State Bank*, 27 id. 148; *Masterson* v. *Wiswood*, 18 id. 48. Yet the decree in the case before us was obtained by confession of the facts by the guardian *ad litem*, as much as if he had put in an answer admitting the alleged facts to be true. The case of *Greenman* v. *Harvey*, 53 Ill. 389, is exactly in point.

The guardian can not waive anything. *Enos* v. *Capps*, 12 Ill. 255; *Greenman* v. *Harvey*, 53 id. 386; *McClay* v. *Norris*, 4 Gilm. 370; *Sconce* v. *Whitney*, 12 Ill. 150; *Hitt* v. *Ormsber*, id. 166.

If the guardian does not appear and answer, a guardian *ad litem* must be appointed. *Hall* v. *Davis*, 44 Ill. 494; *Quigley* v. *Roberts*, id. 503.

A decree can only be rendered against minors on full proof, nor can their natural or legal guardians, by consent, waive this requirement. *Waugh* v. *Robbins*, 33 Ill. 181.

The bill can not be taken as confessed, nor can the guardian admit the bill so as to bind minor defendants. *Quigley* v. *Roberts*, 44 Ill. 403.

It is the duty of the court to refuse to render a decree against infants' rights, unless the evidence is preserved in the record so that the decree can be reviewed by it. *Quigley* v. *Roberts*, 44 Ill. 505; *Hughes* v. *Washington*, 65 id. 245.

Mr. ALBERT H. VEEDER, Mr. A. H. LAWRENCE, and Mr. F. A. SMITH, for the appellees:

A decree is not erroneous if it does not reserve to an infant a day to show cause against it, after he becomes of age. *Enos* v. *Capps*, 15 Ill. 278; *Barnes* v. *Hazzleton*, 50 id. 430; *Kuchenbeiser* v. *Beckert*, 41 id. 172; *Hess* v. *Voss*, 52 id. 472; *Wadhams* v. *Gay*, 73 id. 424.

The defence of *laches* was not pleaded in defence. To rely on such defence, it must be set up by demurrer, plea or answer.

Until possession was taken, the Statute of Limitations did not begin to run. In this respect equity follows the law. *Ryder* v. *Emrich,* 104 Ill. 470; *Kane County* v. *Herrington,* 50 id. 232.

A bill of review lies only where the decree contains errors in law appearing in the body of the decree, or where some new matter has arisen which could not have been used when the decree was entered. *Griggs* v. *Gear,* 2 Gilm. 2; *Getzler* v. *Saroni,* 18 Ill. 516; *Evans* v. *Clement,* 14 id. 206; *Fellers* v. *Rainey,* 82 id. 114; *Garrett* v. *Moss,* 22 id. 363.

A bill to set aside a decree must state the decree, and the proceedings which led to it, with the circumstances of fraud, in detail. *Boyden* v. *Reed,* 55 Ill. 459; *Elston* v. *Blanchard,* 2 Scam. 420; *Newell* v. *Bureau County,* 37 Ill. 253; *Roth* v. *Roth,* 104 id. 37; Story's Eq. Pl. sec. 428.

Counsel also made various other points, both of law and upon the pleadings and evidence.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The United States, on the first day of May, 1849, issued a patent to Thomas A. Speers for the south-east quarter of the north-west quarter of section 17, town 37, north, range 15, east, in Cook county, this State. Speers died intestate, in 1855, leaving Josephine Speers, an only child and heir, who afterwards intermarried with Sidney P. Walker. Josephine Speers Walker died in November, 1864, leaving Sidney P. Walker, her husband, and Mary Louise Walker, her only child and heir at law, the latter being then an infant about ten months old. On the 31st of January, 1874, Samuel Ray filed in the circuit court of Cook county a bill in chancery, against the said Mary Louise Walker, to establish an alleged resulting trust to an undivided two-thirds of the land, and to compel a conveyance of the legal title thereto, she being then about ten years of age. The bill set forth, in substance, that

although the purchase of the land from the United States was in the name of Speers, alone, yet, as matter of fact, it was made by the said Samuel Ray, Martin G. Taylor and the said Thomas A. Speers, who, respectively, advanced one-third of the money paid to the government therefor, and that as to the two-thirds of the land thus purchased by Ray and Taylor, Speers was a mere trustee. The bill further showed that Ray, about the first of May, 1850, purchased of Taylor his third interest in the property, paying him for it at the time, and that in pursuance of such purchase Taylor conveyed the same to him, by quitclaim deed, on the 23d of June, 1873. The bill prayed that Ray might be decreed to be the equitable owner of said two-thirds of the land, and that a commissioner be appointed, with directions to convey to him the legal title thereto. A decree in conformity with the prayer of the bill was entered on the 21st of July, 1877, in pursuance of which Walter Butler, as special commissioner, by deed dated March 5, 1878, conveyed to said Ray an undivided two-thirds of said land. Ray died January 23, 1880, leaving a will, by which he gave to his widow, Esther Ray, one-third, and the residue to Sarah J. Mann, Harriet E. Smith and Josephine Kleinman. Alice R. Kirkwood, subsequently, through *mesne* conveyances, acquired the interest of Esther Ray by purchase, paying a valuable consideration therefor.

Such being the condition of the property with respect to its ownership, Alice R. Kirkwood and Sarah J. Mann, with their respective husbands, Edwin C. Kirkwood and Bill Mann, on the 30th of March, 1882, filed in the circuit court of Cook county a bill for the partition of said land, making Mary Louise and Sidney P. Walker, and Harriet E. Smith and Josephine Kleinman, and their respective husbands, defendants to the bill. There were other defendants to the bill, whose interests are collateral to the main questions involved in the case, and therefore require no special notice. The bill thus filed set up the former decree and proceedings there-

under, and charged, in detail, the facts above stated. Mary
Louise Walker appeared and answered the bill, and also filed
a cross-bill, in which she charges, in substance, that the land
in controversy was purchased and paid for exclusively by her
grandfather, Thomas A. Speers, and that neither Taylor nor
Ray now has, or ever had, any interest in the land or any
connection with its purchase, and that she is now the sole
and exclusive owner thereof, as the heir of her deceased
mother. In short, by her said cross-bill she negatives all the
material allegations in the bill filed by Ray against her, as
above set forth, and in addition thereto charges, in substance,
that at the time of the alleged proceeding she was but a little
child, only ten years of age, and unable to comprehend the
nature of it, but that the files of the suit show that one Joseph
L. Wilson, a deputy clerk of the court, appointed on the
suggestion of complainant's solicitor, appeared for her as
guardian *ad litem,* and as such filed an answer on her behalf,
prepared by complainant's said solicitor; that Sidney P.
Walker also filed an answer in his own right, and as guardian
of his daughter, the said Mary Louise, setting up their re-
spective interests in the land, and disclaiming all knowledge
of the alleged equities of the complainant in that bill. To
this answer there was a replication, but none to the answer
of Wilson, as guardian *ad litem.*

After setting out the decree in that suit to the effect here-
tofore stated, and certain irregularities in taking and certify-
ing certain depositions, the cross-bill then proceeds to charge
as follows: "It appears by said record that said Samuel Ray
was of sufficient capacity to maintain his suit in 1849 and
1850; that he then knew of all claims and causes of action
or suit set out or claimed in said bill by him exhibited in
1874; that no reason existed why he should not have brought
such suit at any time after the said pretended claims arose,
if any such claims or rights ever existed, and the failure to
bring such suit, or to demand the declaration of such trust

and confidence, as is alleged in said bill, for the period of twenty-five years, is conclusive evidence that no such claims, trusts or confidences ever existed, and the *laches* and delay in bringing suit on said pretended claim barred all suit thereon, and would have barred the best and most perfect claim, rendering it the duty of the court to dismiss the bill." The cross-bill then charges, in substance, that complainant's interests were not protected in said former suit; "that said Wilson (the guardian *ad litem*) took no part in taking any evidence, or in any proceeding or in the hearing of said cause, nor did any person in any manner act for him;  *  *  * that no evidence was given or received in said cause that was admissible against your oratrix, or that proved or tended to prove anything against your oratrix."  It further appears, from the cross-bill, that Ray himself was examined orally in court against her, and that certain depositions were read against her on the hearing, which are claimed to be obnoxious to various objections, particularly specified, requiring their suppression, about which, in the view we take of the case, it is not necessary to express any opinion.

To the cross-bill thus framed the court sustained a demurrer, and entered an order dismissing the same. On the day previous to the entry of this order, to-wit, the 24th of January, 1884, the death of Sidney P. Walker was suggested, he having died pending the suit. The cause proceeded to a hearing on the original bill, and a final decree was entered therein on March 1 following, directing a partition of the premises in conformity with the prayer of the bill, from which decree complainant in the cross-bill prayed an appeal to this court. On the 14th of the month her intermarriage with L. H. Lloyd was suggested of record, who joins her in this appeal.

Assuming appellant is entitled to relief against the decree of 1874, by a bill of review, or by an original bill in the nature of a bill of review, we perceive no force in the claim

that the cross-bill in this case is not germane to the original bill, and that for that reason it was properly dismissed. If, as matter of law, she was entitled to have the decree upon which appellees base their right to partition set aside and annulled, on a bill filed by her for that purpose, most assuredly such right in her is appropriate matter for a cross-bill to an original bill filed by them for the express purpose of enforcing such partition.

The question is then presented, whether the decree of 1874 can be successfully assailed by a bill of either character indicated. The authorities are universally agreed that a decree against an infant may be so attacked for fraud, and this is conceded by appellees; but they are not so agreed where the decree or judgment is assailed for error, merely. Upon this proposition there is considerable diversity of opinion. By the law as it is judicially declared in England, and in many of the States here, a decree against an infant is not absolute in the first instance. It is binding *sub modo* only. On becoming of age he is entitled to his day in court to show cause against the decree, and his right to do so must be expressly reserved by the decree itself, otherwise it will be erroneous, and subject to be reversed and set aside. In many of the States, however, including our own, a decree against an infant, like that against an adult, is absolute in the first instance, subject to the right to attack it by original bill, for either fraud, or error, merely; but until so attacked, and set aside or reversed, on error or appeal, it is binding to the same extent as any other decree or judgment. This right to attack a decree by original bill may be exercised at any time before the infant attains his majority, or at any time afterwards within the period in which he may, under the statute, prosecute a writ of error for the reversal of such decree. (*Kuchenbeiser et al.* v. *Beckert*, 41 Ill. 172.) In this case, which was a bill to impeach and set aside a decree against an infant, the rule as above stated is expressly laid down, and has been followed

22—112 ILL.

in subsequent cases.    The rule thus established is, of course, subject to the qualification that the decree of a court having jurisdiction of the subject matter of the suit and the person of the infant against whom it is rendered, will not be thus set aside as against third parties who have in good faith acquired rights under it; but as against original parties to the suit, and their legal representatives, the rule as above stated will be enforced.    Freeman on Judgments, sec. 513.

In *Loyd et al.* v. *Malone et al.* 23 Ill. 43, this court, after citing *Richmond et ux.* v. *Tayleur*, 1 P. Wms. 734, and other English cases, together with the rule as laid down in Mitford's Chancery Pleadings, sec. 113, in support of the position that an original bill will lie to impeach a decree against an infant for mere error, and after citing certain cases in New York, Kentucky and Ohio, where the right to file such bill is limited to cases of fraud, proceeds to say: "We are inclined to go to the extent of the rulings of the English courts, and not confine the right to cases where fraud has intervened to obtain a decree against infants.  *  *  *  The interests of infants are the peculiar care of courts, and if their rights have been outraged and disregarded by an unfaithful guardian, the courts should not be slow to apply a remedy."

The rule here adopted, upon a deliberate consideration of the authorities on both sides of the question, has been frequently recognized by this court, and whatever the rule may be elsewhere, it must be regarded as settled in this State. (*Kuchenbeiser et al.* v. *Beckert, supra.*)    Whenever the property rights of an infant are drawn into litigation, and the infant himself, whether as plaintiff or defendant, has been brought into court, he at once becomes the ward of the court, and as such it is the duty of the court to see that his rights, as such, are properly protected.    If, having a legally appointed guardian, such guardian does not appear to the action for the purpose of managing his suit, it is the duty of the court to appoint a guardian *ad litem* to perform that duty.

If the guardian who undertakes the performance of this trust, whether he be the general guardian or merely a guardian *ad litem*, fails to properly protect the interests of the ward, it is the duty of the court, *sua sponte,* to compel him to do so whenever the fact in any manner is brought to the notice of the court. If, for instance, the infant is defending, and his guardian has failed to file some pleading essential to the admission of his defence, or has filed one so imperfect as not to be sufficient for that purpose, it is the duty of the court, whenever the fact is disclosed, to see that the proper pleading is filed on behalf of the infant before proceeding. These general propositions are so well settled and understood that they will hardly be controverted. Looking at the record before us in the light of these well recognized principles, and the authorities heretofore cited, we think there can be but little, if any, doubt that the cross-bill showed such a state of facts as entitled the complainant to relief.

Passing over all other matters set up in the cross-bill, without expressing any opinion upon them the one way or the other, and coming at once to the question of delay in filing the bill in 1874 to establish and enforce the alleged trust, we have no hesitancy in holding that under the circumstances, as shown by the record, a delay of some twenty-five years, as was the case there before attempting to enforce the trust, afforded a complete defence to the bill, and this fact being apparent upon the face of the bill, the court should not have permitted the decree to have passed as against an infant. The land in question, during these twenty-five years, was in the actual possession of no one. The legal title, and, so far as the record showed, the equitable title also, was, during this entire period, in the appellant's grandfather or his lineal descendants, and he and they, for the same period, were in the constructive possession of the premises. No reason is assigned why this suit was not brought in Speers' lifetime, nor do we, from the record, perceive any. The parties in

interest not only waited until his mouth was forever closed by death, so that it was impossible for him to give his version of the transaction, but waited until the mother of appellant had also died, who may possibly have known of the purchase, and might have testified with respect to it had the suit been brought even in her lifetime and while the title was in her; but the suit was deferred until she died, also, thus making two descents cast, and a lapse of twenty-five years from the time it might have been brought till the day it was actually commenced.

To the suggestion there was no adverse holding on the part of appellant or her ancestors, we do not think, under the circumstances of the case, there is much force in it. If one having a claim of this kind to vacant and unoccupied land, resting solely upon the mere memory of witnesses, unaided by any documentary proof, as was the case here, may lie by for some twenty-five years, and until all the parties on one side of the alleged transaction are dead, and then maintain a bill of this kind against an infant representative of such deceased parties, it may be safely said that no owner of land so long vacant as this was, is safe.

To the further suggestion that this defence should have been set up by answer, it is sufficient to repeat what has already been said, that the delay in suing was a fact apparent upon the face of the bill; and conceding it should have been set up by way of answer, it was the duty of the court to have required such an answer to be put in, and the failure to do so would have been error. But we hold the rule suggested can have no application to an infant who is the ward of the court, as appellant was. In connection with this case we refer to *Walker* v. *Ray,* 111 Ill. 315, decided upon substantially the same state of facts.

The decree of the court below, for the error indicated, will have to be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*