that the alleged improper conduct of the plaintiff and his counsel, are sufficiently serious as to require a reversal.

It is claimed that the damages awarded by the jury are excessive. Plaintiff received a compound fracture of the back part of the skull, and it appears that the fractured bone contused and lacerated the brain. Among other results of the injury is atrophy of the optic nerve of both eyes, so that the central vision of both eyes is nearly absent. The jury awarded $12,500, which was not disturbed by the trial court. We have no sufficient grounds for concluding that the verdict is excessive.

Finding nothing in the record which in our opinion would justify a reversal, the judgment will be affirmed.

*Affirmed.*

---

### Schwarzschild & Sulzberger Company, Plaintiff in Error, v. Morris Shapiro, Defendant in Error.

### Gen. No. 17,580.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action in tort by Schwarzschild & Sulzberger Company against Morris Shapiro to recover damages for false and fraudulent representations made by defendant as to his credit in inducing plaintiff to sell him certain goods. From an order granting defendant's motion to dismiss the suit, plaintiff appeals.

William R. Brown, for appellant.

No appearance for appellee.

Mr. Justice Fitch delivered the opinion of the court.

## Abstract of the Decision.

1. Election of remedies, § 13*—*when action not barred.* Plaintiff suing on contract for purchase price of goods does not waive right to sue for fraud practiced by defendant in inducing plaintiff to make the contract.

2. Election of remedies, § 3*—*when doctrine is applicable.* Doctrine of election of remedies applies only when the remedies are inconsistent. Where coexistent remedies are consistent with each other plaintiff may adopt all or select one, and only a satisfaction of the claim in one case constitutes a bar in the other.

3. Election of remedies, § 3*—*when remedies are consistent.* The remedy by action in tort for fraud and deceit in the purchase of goods is not inconsistent with the remedy by an action on the contract for the purchase price or the value of the goods.

4. Judgment, § 680*—*pleading former adjudication.* Affidavit of merits setting up a defense of former adjudication is insufficient where it fails to state whether the former judgment was on the merits or whether it was satisfied.

5. Appeal and error, § 1595*—*presumption as to proof of facts defectively pleaded.* The rule that after verdict and judgment it will be presumed that proof was made of facts defectively stated in the pleadings, not applicable where bill of exceptions affirmatively states that no evidence was introduced.

---

## George R. Neff, Defendant in Error, v. Forrest J. Alvin, Plaintiff in Error.

### Gen. No. 17,637.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Arthur W. Deselm, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1911.   Affirmed.   Opinion filed October 9, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.