THOMAS M. HUNTER, Bailiff of Municipal Court, Defendant in Error, vs. THE EMPIRE STATE SURETY COMPANY et al. Plaintiffs in Error.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. INFANTS—*fact that judgment in suit by infant is rendered without a jury does not make the judgment void.* The fact that a judgment for the defendant in a replevin suit begun by a minor, by his next friend, was rendered by the court without a jury does not render the judgment void on the alleged ground that the minor could not waive his constitutional right to a trial by a jury, as infancy is a personal matter, and a court having jurisdiction of the subject matter and of the person of the infant does not lose its jurisdiction by any irregularity in its exercise. (*Paulsen* v. *People,* 195 Ill. 507, distinguished.)

2. APPEALS AND ERRORS—*when a constitutional question is not presented.* In a suit on a replevin bond, given in a replevin suit in which the plaintiff was a minor suing by his next friend and in which the judgment was rendered in favor of the defendant by the court without a jury, the defendant cannot raise the constitutional question as to the right of the infant plaintiff to waive a jury trial in the replevin suit, as the judgment in such suit would not for that reason be void; and as such constitutional question could not be raised in the trial court it cannot be urged in the Supreme Court.

3. SAME—*whether a nunc pro tunc order was properly entered does not present constitutional question.* Whether a *nunc pro tunc* order amending a judgment and purporting to be made upon notice, from an inspection of the records, files and orders of the court, was properly made does not present any constitutional question.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding.

HARRIS F. WILLIAMS, for plaintiffs in error.

FREDERICK ARND, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Harold Gillette, a minor, by his next friend, Margaret M. Gillette, brought a replevin suit in the municipal court of Chicago, and she and the Empire State Surety Com-

pany gave a replevin bond therein to the defendant in error, the bailiff of that court. On a trial by the court without a jury the issues were found for the defendant. A suit was begun on the replevin bond, and a judgment was rendered against the defendants, who have sued out a writ of error to reverse that judgment.

The constitutional question which is the ground upon which the jurisdiction of this court is invoked is as to the right of a minor to waive a jury in the trial of a civil case. The plaintiff in this case offered in evidence the judgment in the replevin suit, and the plaintiffs in error insist that the judgment is void because rendered on a trial by the court without a jury, the plaintiff being a minor and suing by his next friend.

We have no jurisdiction of this writ. The supposed constitutional question does not arise on this record. If the plaintiff in the replevin suit was deprived of a constitutional right in the trial of the case the judgment rendered against him was not, therefore, void. The court had jurisdiction of the subject matter and of his person, and its judgment, however erroneous, is binding until reversed. The fact of infancy does not affect the binding force of the judgment. "A decree against an infant, like that against an adult, is absolute in the first instance, subject to the right to attack it by original bill for either fraud or error, merely, but until so attacked and set aside or reversed on error or appeal it is binding to the same extent as any other decree or judgment." (*Lloyd* v. *Kirkwood,* 112 Ill. 329; *Wadhams* v. *Gay,* 73 id. 415; *Haines* v. *Hewitt,* 129 id. 347.) A decree rendered against an infant by agreement is erroneous but it is not void. It may be set aside upon a bill of review, but not as against a purchaser for value without notice of the error. *Allison* v. *Drake,* 145 Ill. 500.

We are referred, among other cases, to that of *Paulsen* v. *People,* 195 Ill. 507, as sustaining the proposition

that a judgment rendered by a court sitting without a jury in a case where a jury cannot be waived is void. In that case it was held that entering upon the trial of an indictment for a crime which might be punished by imprisonment in the penitentiary, before a judge, in pursuance of a waiver by the defendant and the State of a jury, did not put the defendant in jeopardy, because the defendant could not waive a jury in such a cause, and the judge, alone, had no jurisdiction to try him for such a crime. There the judge, without a jury, had no jurisdiction of the subject matter, and the consent of the defendant could not give him jurisdiction. Infancy, however, is a personal matter, and a court having jurisdiction of the subject matter which has also acquired jurisdiction of an infant party does not lose it by any irregularity in its exercise. The court quoted from *Brewster* v. *People,* 183 Ill. 143, on page 151, as follows: "Where a tribunal for the trial of criminal prosecutions is provided for and a jury is made an essential part of it, such tribunal cannot be changed by permitting the accused to consent to the elimination of the jury therefrom. In such cases the accused would, by waiver of a jury trial and consent to a trial before the judge, alone, confer jurisdiction upon a tribunal which had no such jurisdiction under the law. It is a well settled doctrine that jurisdiction of the subject matter cannot be conferred by consent. Jurisdiction of the subject matter must always be derived from the law and not from the consent of the parties."

Section 60 of the Practice act provides that both matters of law and fact may be tried by the court if both parties agree, and that has always been the law of this State. In *Chicago, Milwaukee and St. Paul Railway Co.* v. *Hock,* 118 Ill. 587, it was held that a party may waive the right to a trial by jury although that mode of proceeding be guaranteed him by the constitution. It was further stated, and although not necessary to the decision it is manifestly

261 — 22

true, that should the court deny the right and proceed to judgment, the judgment, while erroneous, would not be void but would be valid until reversed on appeal or writ of error. "It is always allowable for the parties in a civil action to waive a jury and submit their case, or any part of it, to the court for decision." *Chicago, Santa Fe and California Railway Co.* v. *Ward*, 128 Ill. 349.

The distinction between the *Paulsen case* and this is, that in the former the judge, without a jury, had no jurisdiction of the subject matter of a felony and could not try a defendant under any circumstances, while here the statute expressly confers on the court jurisdiction to try the case without a jury. If this were a writ of error to review the judgment in the replevin suit the constitutionality of the trial by the court without a jury would be material, but since the judgment in that case was not void even if the plaintiff could not waive a jury but only erroneous, a decision of the constitutional question is not necessary in this case and would be immaterial to the judgment. When the judgment in the replevin suit was entered, on April 7, 1909, it was entered in abbreviated characters, and after this suit was begun on the replevin bond an order was entered amending this judgment *nunc pro tunc* to show a formal judgment in the ordinary form and in the usual language of such a judgment. The latter judgment was objected to when offered in evidence because the judgment originally entered was not in the English language and the order for its amendment *nunc pro tunc* was void. The order purports to have been made upon notice, from an inspection of the records, files and orders of the court. The original record was not relied on, and whether the order *nunc pro tunc* was properly made presented no constitutional question.

The cause will be transferred to the Appellate Court for the First District.