DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1915.

---

## Frank Paskewie by H. C. Gerke, Guardian, Appellant, v. East St. Louis & Suburban Railway Company, Appellee.

1. PLEADING, § 102*—*when plea puis darrein continuance bad.* A plea *puis darrein continuance* of a former adjudication of the same cause of action is bad if such plea fails to allege that the former judgment pleaded is either satisfied or is in full force and effect.

2. INFANTS, § 34*—*when person bringing suit as next friend presumed to have authority to act.* Where an action is brought in the name of an infant by his "next friend," such person is presumed to have authority so to bring the action.

3. INFANTS, § 54*—*when judgment in action by next friend not void.* A judgment in an action brought by a "next friend" in the name of an infant is not rendered void at law by the misconduct of the "next friend" and can be set aside only in equity.

4. INFANTS, § 56*—*when decree by agreement will be set aside.* A decree against an infant by agreement is erroneous but not void and may be set aside on a bill of review.

5. JURISDICTION, § 69*—*when exclusive jurisdiction may be waived.* The rule giving exclusive jurisdiction of a cause of action to the court first acquiring jurisdiction of such action may be waived by the parties.

6. JUDGMENT, § 5*—*when judgment may be taken in county other than one in which first pending.* Where the courts of two

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

.(1)

counties have jurisdiction of the parties and subject-matter of a cause of action, and where an action is pending in one of the counties on such cause and between the same parties, the parties may for any reason take judgment in the other county.

7. LIS PENDENS, § 12*—*who may take advantage of pendency of action in another court.* Where the courts of two counties have jurisdiction of the parties and subject-matter of a cause of action, and an action thereon is pending in one county, only the defendant can take advantage of the pendency of such action in a second action on the same cause instituted in the other county.

8. JUDGMENT, § 360*—*when cannot be collaterally attacked.* Where the courts of two counties have jurisdiction of the parties and subject-matter of an action, and where an action thereon is pending in the courts of one county, a judgment obtained in a second action on the same cause and between the same parties commenced in the other county during the pendency of the first action cannot be collaterally attacked.

9. JUDGMENT, § 391*—*how fraud in procuring judgment may be taken advantage of.* Where the courts of two counties have jurisdiction of the parties and subject-matter of a cause of action, and an action thereon is pending in the courts of one county, and where a judgment is obtained in an action on the same cause and between the same parties commenced in the courts of the other county during the pendency of the first action, fraud in the procurement of such judgment can only be taken advantage of by appeal or other action directly attacking the judgment.

10. JUDGMENT, § 5*—*when parties bound by.* Where parties voluntarily submit themselves to the judgment of a court they are bound by such judgment, although a prior action involving the same subject-matter be pending between the same parties.

11. JUDGMENT, § 401*—*when judgment may be pleaded in bar.* Where the courts of two counties have jurisdiction of the parties and subject-matter of a cause of action, a judgment obtained in one county may be pleaded in bar of a prior action involving the same subject-matter and between the same parties pending in the courts of the other county.

12. JUDGMENT, § 401*—*when may be pleaded in bar.* Where the courts of two counties have jurisdiction of the parties and subject-matter of an action, a judgment obtained in one county on such cause in an action brought in the name of an infant by his father as "next friend" may be pleaded in bar of a prior action on the same cause and between the same parties similarly brought in the other county.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Paskewie v. East St. Louis & Sub. Ry. Co., 197 Ill. App. 1.

13. JUDGMENT, § 321*—*when may be directly attacked.* A judgment may be attacked directly on the ground of fraud in its procurement.

14. COURTS, § 134*—*when court first obtaining jurisdiction may proceed with cause.* If a judgment in an action commenced while an action between the same parties and on the same cause of action is pending in another county is vacated or set aside on the ground of fraud in its procurement, the parties may proceed with the action first commenced, where both counties have jurisdiction of the parties and subject-matter of the action.

15. PLEADING, § 102*—*when demurrer to plea alleging satisfaction of judgment on same cause of action properly overruled.* In an action in the name of an infant by his father as "next friend," where both the court of the county where the action was brought and the court of another county have jurisdiction of the parties and subject-matter of the action, a demurrer to a special plea alleging that during the pendency of the action a judgment was obtained in the court of the other county on the same cause of action, which judgment had been fully satisfied, *held* rightfully overruled.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

EARLY, HILES & SIMPSON, for appellant.

WILLIAMSON, BURROUGHS & RYDER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

A declaration was filed in this case for Frank Paskewie, a minor, by his father, as next friend, against the East St. Louis & Suburban Railway Company, on May 15, 1914, charging that on May 4, 1914, while the plaintiff was returning from school, he was knocked down and injured by a car belonging to said company, and that in causing said injury said company was guilty of negligence. Subsequently H. C. Gerke, public guardian of Madison county, was appointed guardian for said minor, the father removed as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

next friend and such guardian substituted therefor, the declaration being so amended as to show such substitution. To this declaration the defendant filed the general issue and two special pleas. The case had been continued for a term and the first of the special pleas alleged that after the last pleading therein and before the filing of said special plea to wit, on the 10th day of August, 1914, the said minor, then acting by his father and next friend and by E. W. Krietner, his attorney, impleaded defendant in the Circuit Court of St. Clair county, Illinois, at the April term thereof, for and on account of the same wrongs and injuries declared upon in the declaration in this suit, and that said court having jurisdiction of the person of the defendant, did afterwards on the 10th day of August, 1914, enter judgment in favor of said Frank Paskewie, so suing by his father and next friend, John Paskewie, against said defendant for the sum of $444 and costs of suit, which judgment still remains in force and effect and such judgment is thereupon set forth in full in the plea. The second special plea is a formal plea of former adjudication, relying upon the same facts and alleging that said defendant thereafter paid to the attorney for the plaintiff the amount of said judgment. To the special pleas, the plaintiff filed a general and special demurrer. The special causes of demurrer alleged were that the Circuit Court of St. Clair county, Illinois, was without jurisdiction when it attempted to render judgment in said cause, for the reason that this suit was commenced to the May term, 1914, of the Madison county Circuit Court which convened on May 5, 1914; that no declaration or proceeding was filed in the Circuit Court of St. Clair county until August 10, 1914, the April term of said court in Madison county then still being in session; that the judgment in the Circuit Court of St. Clair county was entered August 10, 1914, and all of said proceedings of said Circuit Court of St. Clair county were had after the Circuit Court of Madi-

son county had acquired jurisdiction and said cause was still pending and undetermined; that therefore the Circuit Court of St. Clair county could not acquire jurisdiction of said cause and subject-matter for any purpose whatever; that said pleas do not aver that there was a hearing on the merits of the case in which judgment was attempted to be entered; that said E. W. Krietner, to whom the payment is alleged to have been made as attorney for said minor, had no legal or rightful authority to collect and receipt for any moneys due him arising out of said cause of action or otherwise; that said H. C. Gerke, who was appointed guardian of said minor by the Probate Court of Madison county, was the only person legally authorized to collect and receipt for moneys due said minor.

Upon a hearing the court overruled said demurrer, whereupon the defendant withdrew its plea of general issue and the plaintiff having elected to stand by and abide his demurrer to the defendant's special pleas, judgment was entered in favor of the defendant and against the plaintiff in bar of the action. Judgment was also entered against the plaintiff for costs to be paid in due course of the guardianship of his estate. Seeking to reverse this judgment, the plaintiff below has brought the case to this court.

Appellant here claims that the Circuit Court of Madison county had acquired jurisdiction and that it was not deprived thereof by the action of the Circuit Court of St. Clair county in the suit brought by the same parties, for the same subject-matter, especially in view of the fact that the pleadings do not directly allege that there was a hearing in the St. Clair Circuit Court upon the merits of the case. He relies upon *Schwarzschild & Sulzberger Co. v. Shapiro*, 182 Ill. App. 40, and *Miller v. McCormick Harvesting Co.*, 84 Ill. App. 571, which appear to hold pleas of former adjudication and *puis darrein continuance* bad for failing to state whether the judgment was satisfied or in full

force and effect. It is plainly stated, however, in the pleas in question here that the judgment remained in full force and effect and also that it was fully satisfied by payment to the attorney for the plaintiff.

Appellee claims that an infant is bound by the act of his next friend in bringing suit, so far as any collateral attack on the judgment is concerned, that if there is any fraud the infant must resort to a court of equity to correct it. In *Chudleigh v. Chicago, R. I. & P. Ry. Co.*, 51 Ill. App. 491, it was held that when a suit is instituted in the name of an infant by his "next friend" the authority of the "next friend" so to do is presumed and that if such friend plays the infant false, the judgment is not thereby rendered void, but that the infant must resort to a court of equity to set the same aside. In *Hunter v. Empire State Surety Co.*, 261 Ill. 335, it is held that even a decree against an infant by agreement is erroneous but not void, and that it may be set aside upon a bill of review. In *Plume & Atwood Mfg. Co. v. Caldwell*, 136 Ill. 163, it was held by our Supreme Court that "the rule giving exclusive jurisdiction to the court first acquiring it is one that the parties may waive."

The parties to the suit in St. Clair county were identical with those to the suit pending in Madison county and the subject-matter was the same. Had there been no suit pending in Madison county, the Circuit Court of St. Clair county would, under the circumstances named, have undoubtedly had jurisdiction of both the subject-matter and the parties to the suit, and if the parties in order to expedite matters, or for other good cause, sought to take judgment in the Circuit Court of St. Clair county rather than to wait until the next term in Madison county, they had a right to do so and the defendant in this suit alone could take advantage of the former suit pending. A judgment so entered could not be attacked collaterally but if there was fraud in obtaining it, advantage thereof could only

be taken by appeal or other action directly attacking the judgment. Where parties voluntarily submit themselves to the judgment of a court having jurisdiction of the subject-matter, they are bound by such judgment, though the same matter was pending in a prior suit.  11 Cyc. 987, subsec. C; *Gregory v. Kenyon,* 34 Neb. 640; *Bassill v. Bassill,* 207 Mass. 365.

It appears clear to us that if the appellant in this suit had been an adult and had brought suit in St. Clair county after this one was commenced in Madison county, obtained judgment and received the same and receipted therefor, that such judgment could be pleaded in bar to this suit, and there is no substantial reason why the same rule could not apply where an infant brings both suits by his father as next friend.  If, however, there is fraud in connection with the procurement of the judgment, such judgment may be attacked directly, and if such attack is successful and the judgment is set aside or declared void, of course there would be nothing to prevent the parties from proceeding with the original suit commenced in another county. In this case according to the statement in the pleading the original judgment is still in force, has never been directly attacked and has in fact been satisfied by payment.  It could therefore properly be pleaded in bar to this action.  The court below rightfully overruled the demurrer to the special pleas and its judgment will be affirmed.

*Affirmed.*