CHARLES L. ANDREWS & another *vs.* SUMNER A. GILMAN & another.

Suffolk. March 20, 21. — May 3, 1877. LORD & SOULE, JJ., absent.

A bill in equity, brought by A. against B. and C., prayed for the delivery to A. of a certain contract, by which A. agreed at the option of C. to convey to him or his assignee, for a price named and within a time named, certain partnership property which A. had recently purchased of C., alleging that B. had obtained an assignment of the contract from C., while he was acting as A.'s agent for the purchase of it from C. The judge found that B. obtained the assignment as A.'s agent, and that A. was entitled to the benefit of it and to a transfer of it to himself from B., and also found that B., when he took the assignment, agreed to employ C., who did not know that B. was A.'s agent, but with no agreement as to price, length of time or kind of employment, and with no promise of any interest in the business, which B. was to carry on. Both B. and C. then asked for leave to amend their answers, and C.'s amendment, which was allowed, alleged that at the time of his assignment to B. it was understood that B. was to carry on the business and give him employment and an interest in it, that he did not know of B.'s agency, and, if he had, he would not have sold the partnership property to A. on account of unfriendly relations with him. B.'s amendment, which was disallowed, was substantially the same as C.'s, but alleged that the extent of C.'s interest in the business was to be subsequently determined between them. *Held*, on an appeal from a decree in favor of A. ordering the delivery to him of the contract, with costs against B., that the facts relied upon by B. and C. in their amended answers could be taken advantage of by cross bill only.

COLT, J. This is a bill in equity by Charles L. Andrews and Harry B. Hodges against Sumner A. Gilman and James Coolidge, seeking first to reform a written contract between Andrews and Hodges and Coolidge, by which Andrews agreed, at the option of Coolidge, to convey to him or any person designated by him, for a price named and within a time named, the partnership property of Hodges & Coolidge, which Andrews had recently purchased of the latter. The bill also prays for the delivery and surrender of the same contract to Andrews, upon the allegation that the defendant Gilman obtained an assignment of it from Coolidge, while he was acting as the agent of Andrews for the purchase of it from Coolidge.

The case was heard by a justice of this court upon the pleadings and proofs, and comes up on a report of his findings.

It was found as a fact that Andrews was not entitled to have the contract reformed; but that Gilman bought the rights of Coolidge under it, and took an assignment of it as agent of An-

drews, and that the latter was' entitled to the benefit of it **and** to a transfer of it to himself from Gilman.

The judge further found, if open upon the pleadings, that Gilman, when he obtained the assignment of Coolidge's rights, agreed that he would employ Coolidge in the business of the firm, which it was understood by Coolidge that Gilman was to carry on, but with no agreement as to price, length of time or the duty in which he should be so employed, and with no prom-ise of any interest in the business. It did not appear that Cool-idge knew that Gilman was acting as agent for Andrews.

Upon the announcement of these findings, both defendants asked for leave to amend their answers. The defendant Cool-idge was permitted to amend, and thereupon, in addition to his answer, alleged in substance that it was understood and agreed at the time of the assignment to Gilman that he, Gilman, was to carry on the business and to give him employment and an inter-est in it; that he did not know that Gilman was acting as agent for Andrews; and that he would not have sold his interest to Andrews on account of existing unfriendly relations between them.

The defendant Gilman, in the amendment offered by him, al-leged that it was agreed as part of the consideration for Cool-idge's transfer to him, that he should carry on the business, and that Coolidge should have an interest in it, and be employed by him, the extent of the interest to be afterwards settled between them. But this amendment was refused by the judge.

A decree was entered for the plaintiffs, restraining the prose-cution of any action at law by Gilman, in the name of Coolidge, against Andrews upon the contract, and ordering the delivery of the contract to Andrews with costs against Gilman in favor of Andrews. From this decree both the defendants appealed.

Upon a careful examination of the evidence reported, docu-mentary and oral, we see no reason for reversing the finding of the fact that Gilman bought the rights of Coolidge under the contract as agent of and in trust for Andrews. This was wholly a question of fact, with reference to which there was some con-tradiction, but the right decision of which depended largely upon a consideration of the intelligence and fairness of the witnesses, as shown by their appearance on the stand. *Reed* v. *Reed,* **114**

Mass. 372. *Montgomery* .v. *Pickering*, 116 Mass. 227. The decree appealed from is supported by this finding and by the allegations in the bill. It must stand, unless the additional findings of the judge defeat the plaintiff's title to relief, or give to one or both of the defendants title to relief which can be afforded under this bill and upon these pleadings, as amended and proposed to be amended, but which is not provided for in the decree entered.

At the argument upon this appeal, the defendants contended that the assignment from Coolidge, if obtained by Gilman while acting as agent for Andrews, was obtained by the fraud, false representation and concealment of Gilman, for which Andrews was legally responsible as principal, although he had no actual knowledge of or participation in it; that, upon discovery of the fraud, Coolidge had a right to avoid the assignment, and claim the benefit of Andrews's refusal to convey the partnership property, relying upon the tender and demand made by Gilman, while he, Coolidge, was ignorant of the agency established by the finding of the court; and, at all events, that the court ought not to render a decree which would defeat a consideration operating upon the mind of Coolidge and constituting part of the consideration for the assignment, namely, the promise of future employment by Gilman, with whom he was on friendly terms.

It is not necessary to decide whether the facts found by the judge would amount to such fraudulent misrepresentation or concealment as to authorize Coolidge to avoid the title acquired by Gilman in trust for Andrews, or whether his failure to perform an indefinite promise of future employment would support an action for damages; because the transfer of the contract transferred a title voidable only, not void, whether in the hands of Gilman, the agent, or Andrews, the principal; and the additional facts found by the judge and set up in the amended answers do not, upon the pleadings, afford any defence to this bill.

The amended answers attack the plaintiffs' title. They seek to deprive the plaintiffs of the rights incident to the legal ownership. They only furnish reasons why the court should make a decree depriving the plaintiffs of their cause of action. The facts relied on, if of any force, can be availed of by the defend-

ants by cross bill only, and not by answer. It is a rule of equity pleading, that when the defendant seeks any discovery or relief against the plaintiff, he must do so by original or by cross bill of his own. The only prayer of the answers is that the plaintiffs' bill be dismissed. The case has been heard upon an appeal from the final decree, and, upon these pleadings, as between these parties, is completely disposed of by the decree appealed from. *Cartwright* v. *Clark*, 4 Met. 104. *Eddleston* v. *Collins*, 3 De G., M. & G. 1, 16. *Holderness* v. *Rankin*, 2 De G., F. & J. 258, 271. Lubé's Eq. Pl. 103. Story Eq. Pl. § 399. Langdell Eq. Pl. § 121. *Decree affirmed, with costs.*

*E. D. Sohier & J. C. Ropes*, for the plaintiffs.

*A. A. Ranney*, for the defendants.