FRED J. BASSILL *vs.* PHOEBE M. BASSILL & another.

Suffolk. November 30, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Pleading and Practice,* Master's report, Cross bill. *Equity Jurisdiction,* Submission to jurisdiction.

In a suit in equity, where a master files a report containing findings for the defendant on all the points in dispute between the parties, and the plaintiff files no objections or exceptions to the report, the findings of the master are conclusive, and the bill must be dismissed.

In a suit in equity by a husband against his wife, who held the legal title to certain real estate, and against a person to whom she had leased the real estate, the plaintiff alleged that his wife held the real estate for his benefit, and prayed for an order compelling her to convey to him the legal title. The defendants filed a cross bill praying for a decree ordering the plaintiff in the original suit to remove from and surrender the real estate in question and to desist from prosecuting further an appeal from a decree against him in an ejectment process named in the bill and in the cross bill. The plaintiff demurred to the cross bill. The trial judge overruled the demurrer to the cross bill, and made a final decree dismissing the original bill and granting to the defendants the relief prayed for in their cross bill. The plaintiff, although he did not contend that his bill was not dismissed properly on the findings of fact, yet insisted that his demurrer to the cross bill should have been sustained and that the final decree was erroneous in giving the defendants affirmative relief based upon the cross bill. *Held,* that, as the cross bill did not seek for the determination of any questions other than those raised in the original bill, it was no less within the jurisdiction of the court than that bill itself, and that the affirmative relief was granted properly to the defendants.

A plaintiff, who in a bill in equity to compel the conveyance to him of certain real estate alleged to be held by one of the defendants for the benefit of the plaintiff asks the court to pass upon the questions involved in an ejectment process then pending, cannot object to a cross bill, which raises the same questions, on the ground that the court which first takes jurisdiction of a subject matter will hold it to the exclusion of other courts, because by asking the court in equity to con-

sider and adjudicate the very questions thus involved he has waived whatever right he had to the application of this principle to the case, and having submitted himself to the jurisdiction of the court in equity he cannot complain.

HAMMOND, J.   The bill alleged a trust for the plaintiff's benefit in certain real estate owned, as of record, by the defendant Phoebe M. Bassill, the plaintiff's wife, and leased by her to the defendant Fellows, and called for a conveyance to the plaintiff of the legal title.   A cross bill was filed to which was filed a demurrer which was overruled, and the plaintiff appealed.   The case went to a master * who reported findings for the defendants on all points in dispute under the bill and cross bill. . No objections or exceptions to this report having been filed, the findings are conclusive.   The trial judge † dismissed the bill, and in accordance with the prayers in the cross bill made a final decree ordering the plaintiff to remove from and surrender the premises in dispute and to desist from further prosecuting his appeal from a judgment against him in the ejectment suit named in the bill and in the cross bill.   From this final decree the plaintiff appealed, and the case is before us upon the two appeals.

The plaintiff does not argue that upon the findings of the master the bill was not properly dismissed, but he insists that the demurrer to the cross bill should have been sustained, and that the final decree is erroneous in so far as it gives affirmative relief to the defendants based upon the cross bill.   But neither the objections to the cross bill nor to the final decree are tenable.

By his bill the plaintiff sought to have the court pass upon the question of title to the property as between him and the defendants, including the validity of the lease to Fellows and the rights of Fellows thereunder.   The cross bill did not seek for a determination of any other questions than those raised in the bill.

---

* E. M. Johnson, Esquire, and afterwards, on account of the illness of Mr. Johnson, James W. Santry, Esquire.

† *Fessenden*, J.   The bill was filed in the Superior Court on November 12, 1909, and the cross bill was filed by leave of court on December 2, 1909. The cross bill alleged that, subject to a certain mortgage, Phoebe M. Bassill owned outright the real estate in question, which she leased to Fellows, and prayed for a decree ordering the plaintiff in the original suit to remove from and surrender the real estate and to desist from prosecuting further an appeal from a decree against him in an ejectment process named in the bill and in the cross bill.

Its purpose was to have established and enforced against the plaintiff whatever rights, as finally determined by the court, the defendants might have in the matters involved; and it is no less within the jurisdiction of the court than is the bill itself. " It is a well settled principle, that a court of equity, after it has acquired jurisdiction of a subject matter in controversy between parties, will, as far as possible, settle all questions in litigation touching it, and do complete justice to all parties, so that there may be an end of controversy. A cross bill for relief is proper in cases where, in the original suit, all things in litigation touching the subject matter cannot be brought before the court, but the defendant, in order to obtain a complete settlement of the controversy, is entitled to some relief which the scope of the plaintiff's suit will not afford him." Morton, J., in *Richards* v. *Todd*, 127 Mass. 167, 169. This cross bill was well within this principle. It was the proper way to seek affirmative relief against the plaintiff. *Andrews* v. *Gilman*, 122 Mass. 471.

One of the plaintiff's objections to the decree is that it passes upon the questions involved in the ejectment suit then pending in the Superior Court on his appeal from the judgment rendered against him in the lower court; and in support of that objection he relies upon the general principle that the court which first takes jurisdiction of a subject matter will hold the same to the exclusion of other courts. It is unnecessary to inquire whether the principle be generally applicable, for it is plain that inasmuch as the plaintiff in his bill asked the court to consider and adjudicate the very questions thus involved he has waived whatever right he had to the application of the principle to this case, and having submitted himself to the jurisdiction of this court of equity, he cannot now complain.

It follows that the decree overruling the demurrer to the cross bill and the final decree should both be affirmed; but so far as respects the final decree a manifestly clerical error should first be corrected. In the fifth line of the second paragraph as printed in the record before us the words " Fred. J." should be stricken out, and the words " Phoebe M." inserted in place thereof.

*So ordered.*

*W. E. Ulmer* ( *G. W. Reed* with him,) for the plaintiff.
*H. James, Jr.*, for the defendants.