RIDGEWAY HOLBROOK *vs.* SAMUEL F. SCHOFIELD & others.

Suffolk.    December 11, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* To reform a deed.    *Equity Pleading and Practice,* Appeal, Decree.

A building, equally divided by a brick partition wall running north and south, stood in a lot of land so that the line of the partition wall was about two feet westerly of a line equally dividing the lot. The record title to that portion of the lot and building lying westerly of the line of the wall was in one who also owned the beneficial interest in the rest of the lot, the record title to which he had placed in another person for his benefit. The westerly part of the lot was sold to one person and the easterly part to another. In the deeds by mistake of the scrivener the dividing line of the two parcels was placed at the middle line of the lot instead of at the partition wall. The grantee of the westerly portion of the lot gave two mortgages, the second of which was to his grantor. In a suit in equity by the owner of the lots against the two grantees and the first mortgagee to reform the deeds, the first mortgagee and the grantee of the easterly portion of the lot were willing that the reform should be made, and a final decree was made that the deed to the grantee of the westerly portion of the lot be reformed, that the first mortgage be discharged as to the strip of land two feet wide wrongly included therein, and that the suit be dismissed as to the grantee of the easterly portion of the lot. The grantee of the westerly portion of the lot only appealed. *Held,* that the facts presented proper ground for equitable relief in the reformation of the deeds, which was decreed properly as to the grantee of the westerly portion of the lot, so that the decree was affirmed. It however *was stated* that action should have been taken as to the second mortgage similar to that as to the first and that the bill should not have been dismissed as to the other grantee, who should have been directed to file such a cross bill as would enable him to acquire a clear title to the strip in question.

BILL IN EQUITY, filed in the Superior Court on May 4, 1910, and afterwards amended, against Samuel F. Schofield, Annie L. Mason, administratrix, and Emma B. C. Holt, alleging in substance the following: The plaintiff was the owner of the entire beneficial interest in a lot of land on Annabell Street in that part of Boston called Dorchester. Upon the land was an apartment house divided through the middle by a brick partition wall running northerly and southerly, on each side of which were three apartments. The record title to the land and building lying westerly of the line of the partition wall was in the plaintiff,

while that of the premises easterly of that line stood in one Dalton, who held it for the plaintiff's benefit and convenience. Dalton was not a party to the bill. The partition wall was two feet and five inches westerly of a line exactly dividing the lot upon which the building stood. The plaintiff negotiated for the sale of the westerly portion of the building to the defendant Schofield and the easterly portion to the defendant Holt. Deeds were executed and delivered to the respective purchasers which because of a mistake of the scrivener, instead of conveying to the defendant Schofield the westerly half of the building with the portion of the lot westerly of the line of the partition wall, and to the defendant Holt the easterly half of the building with the portion of the lot easterly of the line of the partition wall, as the parties intended, conveyed to Schofield by metes and bounds the westerly half of the lot "with the buildings thereon," and to Holt, by metes and bounds, the rest of the lot and building, the building thus being divided by a line parallel to and two feet and five inches easterly of the partition wall. The defendant Schofield gave to the defendant Mason, administratrix, a first mortgage of the premises thus conveyed, and to the plaintiff a second mortgage.

The defendants Mason and Holt were ready and willing to join in correcting the error in the deeds but, although the plaintiff had demanded of the defendant Schofield that the correction be made, he had refused to make it. The prayers were for a reformation of the deed from the plaintiff to Schofield, and of the mortgages from Schofield to Mason, administratrix, and from Schofield to the plaintiff.

The defendant Schofield demurred to the bill as amended for want of equity. The demurrer was overruled by *Hitchcock*, J.; and the defendant Schofield appealed.

The case was heard by *Pierce*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge found the facts substantially as stated above, and a final decree was entered reforming the deed from the plaintiff to the defendant Schofield by making the easterly line of the premises conveyed to him the line of the partition wall, the decree stating that the title to all land easterly of such dividing line, which had been included in the deed to the defendant Schofield, " is and shall be and remain

the same as though that deed had not been made," directing the defendant Mason, administratrix, to release from the mortgage to her from the defendant Schofield the strip of land wrongly included in the deed to him and the mortgage to her, and dismissing the bill as to the defendant Holt without costs.

The defendant Schofield appealed.

*W. R. Bigelow,* for the defendant Schofield.

*G. C. Coit,* for the plaintiff.

BRALEY, J. The property in dispute is a parcel of land on which is a wooden building divided into two dwellings, separated by a partition wall of brick extending through the premises from north to south, as shown by the plan which forms part of the record. If divided and described with the centre of the wall for a boundary, the easterly and westerly portions are of unequal area, as the easterly portion would exceed the westerly portion by a strip two and one half feet in width for the entire length of the lot. The evidence warranted the judge in finding, that in the negotiations for the sale of the estate to the defendants Schofield and Holt it was referred to respectively as the westerly and easterly half, and under this description the parties mutually understood that each defendant was buying, and the plaintiff was selling with the appurtenances, the house and land under it as defined by the wall of partition. By mistake the agreements of sale made no reference to the wall, but divided the land by courses and distances into equal parts, and this error having been perpetuated in the deeds of conveyance, the dividing line, which is the easterly limit of the lot of the defendant Schofield, who first acquired title, runs through the house of the defendant Holt. The plaintiff by the bill as amended asks for rectification of this mistake, and reformation not only of the deed to Schofield, but of the mortgage deeds given by Schofield to the defendant Mason, and to the plaintiff, in which the error is repeated. A case for equitable relief having been aptly stated, the interlocutory decree overruling the demurrer is affirmed. *Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 218, 219. It also is clear, that the record title to the strip described being in the plaintiff, reformation should be decreed. *Livingstone* v. *Murphy,* 187 Mass. 315.

But the plaintiff in equity holds the title for the benefit of the defendant Holt, who bought and paid for it, although because of

the common mistake her deed fails to include all of the land purchased. It appears, that she interposed no defense, and admitted the allegations of the bill, yet where the parties interested are all before the court as in the present case, their rights will be ascertained, and if possible, complete relief as to each will be decreed. *Richards* v. *Todd,* 127 Mass. 167, 169. And upon the pleadings, as well as at the close of the evidence, it was certain that this could not be done, as affirmative relief to enforce her rights could only be given on a cross bill. *Andrews* v. *Gilman,* 122 Mass. 471. *Braman* v. *Foss,* 204 Mass. 404, 410, 411. The court, however, if the pleadings were insufficient, need not depend on the voluntary action of the parties, but could have directed that a cross bill should be filed to enable it fully to settle justly and finally the several titles. *Field* v. *Schieffelin,* 7 Johns. Ch. 250. *Stevens* v. *Stevens,* 9 C. E. Green, 574. The bill should not have been dismissed as to this defendant, but further directions should have been given in accordance with the principles we have stated. The final decree also should have directed the reformation of the second mortgage. If this mortgage should be foreclosed after the first mortgage had been reformed, the conveyance to the purchaser at the foreclosure sale would cloud the record title of the defendant Holt to the strip. *Sawyer* v. *Cook,* 188 Mass. 163, 169.

But, as the defendant Schofield alone appealed, the decree as to him must be affirmed with costs, leaving the defendant Holt to apply to the Superior Court for such further proceedings as she deems advisable for the protection of her interests. *Kane* v. *Shields,* 167 Mass. 392. *French* v. *Peters,* 177 Mass. 568. *Lakin* v. *Lawrence,* 195 Mass. 27. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410.

*Ordered accordingly.*