UNION TRUST COMPANY *vs.* WILLIAM S. REED & others.

Worcester.    September 30, 1912. — December 4, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Tax,* Sale: redemption. *Equity Jurisdiction,* To redeem land from tax sale. *Equity Pleading and Practice,* Decree, Cross bill. *Words,* "Owner."

A suit in equity under St. 1909, c. 490, Part II, § 76, to redeem land from a tax sale of which the plaintiff had notice less than four months before the filing of the bill, may be brought by a prior attaching and judgment creditor of the owner to whom the tax was assessed, the words, "any person having an interest in any such land" in § 61 including an attaching creditor, whether the word "owner" in § 59 includes an attaching creditor or not.

A suit in equity under St. 1909, c. 490, Part II, § 76, to redeem land from a tax sale, which was made more than two years before the filing of the bill but of which the plaintiff had notice less than four months before the filing of the bill, was brought by a prior attaching and judgment creditor of the owner to whom the tax was assessed, against such owner, the purchaser at the tax sale and two other attaching creditors. One of the prayers of the bill was that the court should "determine the rights of the three attaching creditors and the order and amount due each." There was nothing to show that the two defendant attaching creditors did not know of the tax sale at the time that it was made or that either of them had taken any steps to protect his rights, and neither of them had filed a cross bill. *Held,* that, although the plaintiff's ignorance of the tax sale until a short time before the filing of his bill made it equitable that he

should be given a right to redeem, such right was confined to the protection of his own interest acquired by attachment, and that the defendant attaching creditors could be given relief only upon their filing cross bills and showing themselves to be entitled to it.

The proper way for a defendant in equity to obtain affirmative relief is by a cross bill.

BILL IN EQUITY, filed in the Superior Court on April 8, 1910, under St. 1909, c. 490, Part II, § 76, by an attaching judgment creditor of the defendant Reed, to redeem certain land in Leominster from a tax sale made on February 11, 1907, for non-payment of taxes assessed to the defendant Reed as the owner of the land on May 1, 1905, the bill alleging that the plaintiff was ignorant of the default in the payment of taxes and of the sale for non-payment thereof until December 31, 1909, when the plaintiff first had notice of such default and sale after the legal period of redemption had expired.

The case came on to be heard by *Hall*, J., and in accordance with an agreement of all the parties was reserved and reported by the judge under R. L. c. 159, § 29, upon the pleadings and an agreed statement of facts for determination by the full court.

*A. J. Young*, for the plaintiff.

*W. H. King, Jr.*, (*E. H. Vaughan* with him,) for the defendant Bascom.

*J. L. Hall, F. W. Knowlton & E. S. Kochersperger*, for the defendants Ella P. Peters and the Westinghouse Electric and Manufacturing Company, submitted a brief.

RUGG, C. J. This is a suit in equity under St. 1909, c. 490, Part II, § 76, for the redemption of land sold for taxes. The plaintiff, who at the time of the tax sale was an attaching and judgment creditor of the owner and holder of the legal title of certain land, sues the owner, two other attaching creditors and the purchaser of the land at a tax sale. The primal question is whether the plaintiff as creditor, who prior to the sale had attached as security for his debt the land of the owner and person assessed, may maintain this proceeding. The answer depends upon the construction to be given to the words, "The owner of land taken or sold for payment of taxes" as used in R. L. c. 13, § 58, as amended by St. 1905, c. 325, § 1, and the words, "Any person having an interest in any such land" as used in St. 1902, c. 443, (now respectively § 59 and § 61 of Part II, c. 490, St. 1909,) which define the persons

entitled to redeem land sold for unpaid taxes. Generally tax redemption statutes, being remedial in their nature, are interpreted liberally in favor of a person seeking to recover his land, and the word "owner" in this connection has received a broad rather than a narrow meaning. It is the policy of the law to favor redemption from tax sales. But it is not necessary to decide whether the word "owner" is broad enough in its significance to include an attaching creditor, because we are of opinion that he comes within the descriptive phrase of the statute, "any person having an interest in any such land." Interest, in common speech in connection with land, includes all varieties of titles and rights. When given its plain and natural meaning it comprehends estates in fee, for life and for years, mortgages, liens, easements, attachments, and every kind of claim to land which can form the basis of a property right. No reason appears for placing upon the words of the statute a strict interpretation in the present instance. The word "owner" has been employed in St. 1905, c. 325, § 1, and statutes which have preceded it for many years, and still is retained. It appeared in the earlier enactments governing the section now being considered. But in R. L. c. 13, § 60, the word "owner" was omitted, and the words, "any person having an interest," were substituted. This change is too radical to warrant the assumption that no alteration of meaning was intended. It indicates a design to enlarge the scope of the right of redemption. Although the section in its main features affords a cumulative and not an exclusive method of redemption, this does not prevent it from effecting also an extension of the persons who may avail themselves of its remedy by the wider description of those to be benefited. The difficulties in the way of attributing this meaning to the words used are less than those encountered in adopting the opposite course of holding that it was intended only to be a phrase equivalent to the word "owner" construed in its technical sense. If necessary we should prefer the view that the statute meant rather to define "owner" in § 59 as meaning "any person having an interest in lands," thus following some courts and text-book writers.

It remains to consider the form and extent of relief. The agreed facts show that the plaintiff was ignorant of the tax sale, which occurred in February, 1907, until December 31, 1909, and brought

the present bill within less than four months thereafter. These circumstances make it equitable that it should be given a right to redeem. But the plaintiff's right to redeem is only for the purpose of protecting its interest acquired by attachment, and does not extend beyond this for the profit of itself or others. Its right of redemption is no more than coextensive with its claim. Inasmuch as this suit is brought after the expiration of the two years within which redemption may be had as of right, the general equities of all the parties will be considered. No direct benefits ought to accrue to those whose rights are barred at the expense of those against whom directly they have no remedy. There is nothing in the record to show that there are any equities in favor of the defendant Reed. No reason appears why he should not be barred of all right to redeem under the general two year statute of limitations. St. 1909, c. 490, Part II, § 59. So far as he is concerned, the equities of the purchaser at the tax sale are superior.

The plaintiff's bill sets out certain facts touching the other attaching creditors, and one of its prayers is that "the court determine the rights of the three attaching creditors and the order and amount due each." But it does not allege sufficient facts nor do they appear in the agreed statement to indicate equities superior to those of the purchaser at the tax sale in favor of the other two attaching creditors. For aught that is shown each of them may have known of the tax sale, and taken no steps to protect his rights. If this should be found to be the situation, there are no greater equities in their favor than in favor of Reed. It is of no significance that judgment in favor of one of them was not entered until long after the tax sale. The right of redemption exists under the statute in favor of the attaching creditor, who must proceed to assert his right of redemption, as would any one else entitled to redeem.

The other attaching creditors, defendants herein, have not filed cross bills, nor have they set forth by answers and substantiated after full trial claims for equitable relief without objection. See *Perego* v. *Dodge*, 163 U. S. 160, 164; *Coburn* v. *Cedar Valley Land & Cattle Co.* 138 U. S. 196, 221. The proper way for a defendant in equity to put himself in a position to demand a decree for affirmative relief in his favor is by a cross bill. *Braman* v. *Foss*,

204 Mass. 404, 411, and cases there cited. *Bassill* v. *Bassill,* 207 Mass. 365. *Holbrook* v. *Schofield,* 211 Mass. 234, 237. If the other attaching creditors file·cross bills (permission being hereby given to do so) and show themselves entitled to a relief upon further hearing, an appropriate decree for their benefit may be entered. In any event, the defendant Bascom, the purchaser at the tax sale, should be permitted, at his election, to discharge the plaintiff's lien created by its attachment, and that of such other of the attaching creditors, if any, as may be found entitled to relief. If he declines to do this, then the plaintiff or such other attaching creditor, if any, as may prove his right thereto, may redeem. Upon such redemption a commissioner may be appointed by the court to sell the real estate conveyed by the tax deeds for the satisfaction of the claims (including the amount paid for redemption) of the creditors, in the order of priority and the payment of the excess, if any, to the defendant Bascom. If the other attaching creditors do not file cross bills within thirty days from the filing of this rescript, a decree may be entered granting relief to the plaintiff alone.

*Ordered accordingly.*