Chelsea B. Mathews & another *vs.* Philemore H. Colburn.

Worcester.    September 29, 1913. — October 21, 1913.

Present: Rugg, C. J., Morton, Hammond, Sheldon, & De Courcy, JJ.

*Equity Pleading and Practice,* Master's report: exceptions to report, motion to recommit, Decree.

Exceptions to a master's report based on the ground that certain findings of fact made by the master were not warranted by the evidence before him must be overruled if the evidence on which these findings were made is not reported.

Where a suit in equity has been referred to a master under a rule requiring him to find the facts without reporting the evidence, if a party, who has taken part in a trial of the case before the master mainly on a simple question of fact without asking the court for any special order directing the master to report the whole or any part of the testimony, after the master has filed a draft report adverse to him moves to recommit the case to the master for a report of the evidence, the denial of the motion is a matter within the discretion of the trial judge. In the present case there was nothing in the record to indicate that this discretion had been exercised wrongly in denying such a motion.

In a suit in equity to enjoin the defendant from cutting wood on fourteen acres of land alleged to belong to the plaintiff, where the defendant's answer denies the

plaintiff's title to the whole fourteen acres and also sets up title in the defendant to four acres of the land, and where the plaintiff fails to prove that he was the owner of the land on which the wood was cut and the defendant is entitled on this ground to a decree dismissing the bill with costs, but the trial judge makes a decree which goes further than this and adjudges that the defendant is the owner of the lot from which the wood was cut including the four acres claimed in the defendant's answer, thus virtually reforming a certain deed, the decree must be reversed on appeal, because such relief only can be granted upon a cross bill.

DE COURCY, J. This is a bill in equity, seeking to enjoin the defendant from cutting, removing or selling the wood and timber on a fourteen acre tract of land situate in the town of Hardwick. It appears from the report of the master to whom the suit was referred, that the land involved in the controversy is a piece containing about eight acres, indicated on the plan as the Perry Cheever lot, included in which is a four acre portion designated the P. H. Colburn lot. The defendant's answer denied the plaintiffs' alleged title in the premises. The master finds that the defendant, by deed, acquired the title to the four acre portion in November, 1910, and that he and his predecessors in title have had actual, open, visible, adverse and continuous possession, under a claim of title, of the entire Perry Cheever lot of eight acres for more than thirty-five years before the bringing of this bill. The appeals * of the plaintiffs bring before us the exceptions to the master's report, the motion to recommit the case to the master, and the final decree.

1. The exceptions, so far as material, are on the ground that certain findings of fact made by the master are not warranted by the evidence before him. As the evidence on which these findings were made was not before the trial judge, it is manifest that he was not in a position to revise them, and was right in overruling the exceptions. *Nichols* v. *Ela,* 124 Mass. 333. *Attorney General* v. *Vineyard Grove Co.* 211 Mass. 596.

2. Under the rule issued in this case the master was required to find the facts, but was not to report the evidence taken by him.

---

* From an interlocutory decree made in the Superior Court by *Ratigan,* J., denying a motion to recommit the master's report, overruling the plaintiffs' exceptions to the master's report and confirming that report, and from a final decree also made by *Ratigan,* J., which is described in the opinion. The master was Hubert M. Coney, Esquire.

During the progress of the hearings it was open to the plaintiffs to move in court for a special order directing the master to report the whole or any part of the testimony if they deemed it desirable. They made such a motion for the first time after the master had filed a report adverse to them, — a proceeding which never is looked upon with favor. *Parker* v. *Nickerson,* 137 Mass. 487. *Cook* v. *Scheffreen, ante,* 444, and cases cited. The case was tried at considerable length and mainly on a simple issue of fact, that of adverse possession. The motion to recommit was addressed to the discretion of the court, and we find nothing in the record to indicate that the discretion was wrongly exercised. .

3. The appeal from the final decree raises the question whether it is warranted by the allegations of the bill and answer and by the findings of the master. The bill avers title in the plaintiffs to a tract of fourteen acres; and, while the defendant by his denial puts that title in issue, his answer sets up a claim of title in himself to the four acre portion only, designated the P. H. Colburn lot. It is found that all the wood and timber cut was from the Perry Cheever lot of eight acres, which embraced the P. H. Colburn lot. Under the pleadings the plaintiffs had the burden of proving that they owned the Cheever lot and that the defendant cut the timber growing thereon. Failing to sustain this burden their bill should have been dismissed with costs. As both the question of title and that of cutting down the timber were fully tried, it would have been proper to state in the decree the issue on which it was entered, namely, that the plaintiffs failed to show title to the lot on which the defendant cut the wood. But the decree goes further and grants affirmative relief to the defendant, by virtually reforming his deed from Charles F. Hills, and by adjudging that he is the owner of the Cheever lot. Under our existing practice, the proper basis for such relief would be a cross bill filed by the defendant. *Andrews* v. *Gilman,* 122 Mass. 471. *Holbrook* v. *Schofield,* 211 Mass. 234. The decree must be reversed and a final decree entered in accordance with this opinion; and it is

*So ordered.*

*A. Monroe,* for the plaintiffs.

*J. H. Schoonmaker,* for the defendant, submitted a brief.