ALEXIS MORNEAULT, In Equity *vs.* JULIE SANFACON et als.

AND

JULIE SANFACON et al. *vs.* ALEXIS MORNEAULT.

Aroostook.    Opinion December 11, 1922.

*In a bill in equity attacking the terms and execution of a deed, upon the issue of forgery, and of fraud, the evidence must be clear and convincing, precise and indubitable.*

The issues in this case between the parties to the bill in equity are of fact only, with the burden upon the plaintiff to establish his contention in contradiction of the terms of his deed.

The quantum and quality of the evidence falls far short of the standard necessary to sustain a charge of forgery, or to overturn a deed upon the charge of fraud.

The relief which the defendants seek in their answer should, as a general rule in chancery practice, be sought by a cross-bill. But all parties interested in the subject matter being before the court and the action of the court to establish their rights being sought by the pleadings, the cause may be retained for an affirmative decree, to the end that further litigation be avoided.

The conduct of the defendant, Morneault, in the action at law, in permitting other parties to connect with and take water from the pipe laid by him from plaintiffs' aqueduct to his buildings was clearly an invasion of the plaintiffs' rights, and entitles them to recover at least nominal damages.

On report.   This is a bill in equity brought to cancel or reform a deed, dated January 15, 1914, wherein the complainant, and Flavie Morneault were grantors, and Julie Sanfacon and Fred A. Soucis, two of the defendants, were grantees, granting certain rights to lay and maintain an aqueduct leading from two springs or wells on the farm of grantors to the residence of Florent Sanfacon, husband of Julie Sanfacon, and the use of water by Florent Sanfacon at his residence, and the use also by his son-in-law, Fred A. Soucis.   Complainant alleges that the defendant, Florent Sanfacon, procured his signature to said deed through fraud and deceit, and further alleges that the said Florent Sanfacon, fraudulently and without authority, added the name of Flavie Morneault, the mother of the complainant, to said deed.   The action of law seeks to recover damages caused or suffered by plaintiffs by reason of the defendant permitting other parties to connect with and take water from the pipe laid by him from the T in plaintiffs' aqueduct to his buildings.

At the conclusion of the evidence by agreement of the parties both causes were reported to the Law Court.   In the cause in equity: Bill sustained without costs.   Decree in accordance with this opinion. In the action at law, judgment for plaintiffs.   Damages assessed at $1.00.

The cases are fully stated in the opinion.

*Shaw & Cowan,* for Alexis Morneault.

*George J. Keegan and A. S. Crawford, Jr.,* for Julie Sanfacon, Florent Sanfacon and Fred Soucis.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J.   This litigation arises from a grant of certain rights to lay and maintain an aqueduct, by Alexis Morneault to Julie Sanfacon and Fred A. Soucis by deed dated January 15, 1914.   The first action is in equity seeking a cancellation of the deed; the second is at law to recover damage for alleged interference with the easement granted.

On the homestead farm of Morneault are two springs from which his buildings were formerly supplied with water by a log aqueduct; in course of time the logs became rotten and for many years that source of water supply for the buildings was discontinued.   In

May, 1913 Florent Sanfacon applied to Morneault for permission to lay a pipe from the springs to the former's premises, and it is undisputed that an oral agreement of some kind was made, with the understanding that later it should be reduced to writing. Relying upon the oral agreement Sanfacon proceeded to lay a one-inch pipe from the springs about 3600 feet towards his premises; at the end of the one-inch pipe he inserted a T and from that point laid a three-quarters-inch pipe to his premises, a distance of about 1200 feet; the expense was approximately $800. Later the deed in question was given; the date when it was actually executed is in dispute. Two years later Morneault laid a three-quarters inch pipe from the T to his own buildings in accordance with the original agreement.

In his bill in equity the plaintiff, Morneault, alleges two grounds for the relief which he seeks; first, that the signature of his mother, Flavie Morneault, who held a mortgage on the farm for her support, and is now dead, is not genuine, that she never executed the deed; second, that through the fraud of Florent Sanfacon he was induced to sign an instrument which varies materially to his damage from the original oral agreement. He does not complain that the deed was made to Julie Sanfacon, wife of Florent, nor that their son-in-law, Fred A. Soucis, was joined as grantee.

The defendants by answer deny all fraud and allege that the deed of January 15, 1914, "sets out the exact and entire contract between the plaintiff and his wife (mother) and the defendants with reference to the right of the defendants to take water from said wells, except that said deed does not in express terms grant to said Fred A. Soucis, the right to take water for the use of his store and residence, which right the plaintiff admits in his bill was to be granted to said Soucis under the aforesaid preliminary agreement, and in that respect, and that only, said deed does not conform to said preliminary verbal agreement."

The issues between the parties are of fact only, with the burden upon the plaintiff to establish his contention in contradiction of the terms of the deed. Upon the issue of forgery, and of fraud, the evidence must be clear and convincing, precise and indubitable. It would be unprofitable to attempt to analyse the evidence within the limits of this opinion. It must suffice to say that upon an examination of the record the inconsistencies and improbabilities of the

plaintiff's position appear so great that he must fail in his contentions. Upon his own testimony his only substantial contention is that he understood the deed to be a lease "for all the time so long as he maintained the pipes in good order." The quantum and quality of the evidence falls far short of the standard upheld in *Colby et al* v. *Richards et al.*, 118 Maine, 288 as necessary to sustain a charge of forgery, and in *Parlin* v. *Small*, 68 Maine, 289 as necessary to overturn a deed upon the charge of fraud.

This finding would usually require that the bill be dismissed; but the defendants conclude their answer with a prayer for relief:

"That in the event that the Court shall construe said deed as not conferring upon the Defendant, Fred A. Soucis, the right to take water for the use of his store and residence, then the Court will order and decree that the Plaintiff make, execute and deliver to said Fred A. Soucis a good and sufficient deed conveying said right."

Relief of this character should as a general rule in chancery practice be sought by a cross-bill. *Andrews* v. *Gilman*, 122 Mass., 471, 474. *Forbes* v. *Thorpe*, 209 Mass., 570, 583. But, cases have arisen in which to avoid further litigation, all parties being before the court and the action of the court to establish their rights being sought by the pleadings, the cause has been retained for an affirmative decree. In *Fife* v. *Clayton*, 13 Vesey, Jun., 546, Lord Eldon held that a defendant to a bill for specific performance, proving an agreement different from that insisted on by the plaintiff, may have a decree upon his answer, submitting to perform; the Lord Chancellor expressed a willingness "to follow a precedent that will save expense, and is right in principle."

In *Vanderveer* v. *Holcomb*, 17 N. J., Eq. 87 it was held that "the court dispenses with the necessity of a cross-bill, where the whole matter is before the court, and the party is not thereby deprived of any of his substantial rights by a decree in the existing suit."

And in *Elliott* v. *Pell*, 1 Paige, Ch. 263, it was held to be "the settled law of this court that a decree between co-defendants, grounded upon the pleadings and proofs between the complainant and the defendants, may be made; and it is the constant practice of the court to do so, to prevent multiplicity of suits." For other cases dispensing with a cross-bill, see note to last case cited, in Book 2, N. Y., Chancery Repts., Co-op., Ed. 640.

In the present case the plaintiff has inserted the following prayers in his bill:

"That the Court may determine what the contract was between the parties and declare and decree the terms of the same so that the rights of both parties under the original contract relating to said water be secured.

"That the Court make such orders and decrees as are necessary to protect the rights of all parties in this bill."

We think, therefore, that to end litigation and declare the rights of the parties, the bill should be sustained without costs. The defendants may prepare a decree providing for a modification of the deed of January 15, 1914, expressly granting to Fred A. Soucis the right to take water through the pipe in question for the use of his store and residence, as claimed in defendants' answer. The defendant, Florent Sanfacon, frankly states in his testimony that he was to have the surplus water from the springs beyond what was required by the plaintiff for his private personal use. It may be doubtful whether this priority in the use of the water is secured to the plaintiff by the deed of January 15, 1914; the decree will, therefore, provide for such further modification as will secure to said plaintiff, and his grantees occupying said buildings, such priority of use. A deed may be prepared in accordance with this opinion for execution by Mr. Morneault and a copy annexed to and made a part of the decree, for the approval of the court.

Action at law. It is contended that the defendant, Mr. Morneault, has permitted other parties to connect with and take water from the pipe laid by him from the T to his buildings. Under the findings which we have made as to the rights of the parties, this action was clearly an invasion of the plaintiffs' rights, and entitles them to recover at least nominal damages. The plaintiffs claim as damages the expense of replacing the three-quarters-inch pipe from the T to their premises with a one-inch pipe, after their line was frozen upon their side of the T. But we are not satisfied that the interruption of their service was due to defendant's acts; it may quite as probably have been due to a defective plan adopted in laying the pipe, or to insufficient covering. We think that they must be satisfied with

nominal damages; but this action has established their rights, and if a substantial invasion thereof continues, it may be the subject of equitable relief.

In the cause in equity the entry will be

> *Bill sustained without costs.*
> *Decree in accordance with this*
> *opinion.*

In the action at law,

> *Judgment for plaintiffs.*
> *Damages assessed at $1.00.*