**LEDGEMERE LAND CORPORATION**
Plaintiff
vs.
Inhabitants of the Town of
Ashland Paul ROMEO, as he is
Collector of Taxes and
Town Treasurer of the
Town of Ashland, Defendants

No. 97533

Land Court Department
Commonwealth of Massachusetts

October 28, 1980

Aaron Bikofsky, Stephen P. Weirs counsel for the plaintiff
Algernon Heine and Town Treasurer, Ashland counsel for the defendant

## DECISION

The plaintiff, Ledgemere Land Corporation, alleging that it is entitled to redeem the real estate taxes on land situated in the defendant Town of Ashland, brought this complaint for declaratory relief and for the right to redeem pursuant to General Laws Chapter 60, Section 80A.[1] The parties submitted the case to the Court on an Agreed Statement of Facts which reads as follows:

### I. Procedural History

The Plaintiff, LEDGEMERE LAND CORPORATION (LEDGEMERE) brings this Complaint against the TOWN OF ASHLAND (TOWN) and its Town Treasurer and Tax Collector, PAUL ROMEO (TREASURER), for a declaration of the rights and duties of the parties (General Laws Chapter 231A) and for authority to redeem land taken by the TOWN for nonpayment of Real Estate Taxes (General Laws Chapter 60, sec. 80A).

### II. Factual History

The locus consists of approximately 23.7 acres of undeveloped land at Jennings Road in the Town of Ashland, Middlesex County, Massachusetts, a complete description of which is attached hereto and marked "Exhibit 1".

By instrument of taking dated September 30, 1964, recorded in the Middlesex South District Registry of Deeds on October 13, 1964, in Book 10662, Page 17, the TOWN took the locus pursuant to General Laws Chapter 60, secs. 53 and 54 for nonpayment of real estate taxes assessed to Edward B. and Priscilla F. Caiger and Albert Katseff for the years 1962 and 1963 in the amount of Forty-Eight and 28/100 (48.28) Dollars, plus interest of Two and 19/100 ($2.19) Dollars and expenses of Eight and 88/100 ($8.88) Dollars making a total of Fifty-Nine and 35/100 ($59.35) Dollars.

A copy of the instrument of taking is attached hereto and marked "Exhibit 2". All recordings at the Registry of Deeds pursuant to this matter are in the Middlesex South District Registry of Deeds and will be referred to as REGISTRY.

Thereafter, the TOWN sought to have the locus determined to be "land of low value" (General

---

[1] Section 80A is drafted in negative terms and deals with the situation where no redemption can be had. Inferentially it permits redemption at any time before the taxing authority has sold the land which it has taken. **West** v. **Board of Selectmen of Yarmouth**, 345 Mass. 547 (1963).

Laws Chapter 60, sec. 79). On November 10, 1966, the then Commissioner of Corporations and Taxation gave affidavit that the locus was "land of low value" based on a statement relative to tax title of the then Treasurer, which affidavit and statement are recorded in Book 11260, Page 533 and Book 11260, Page 536, respectively, in the REGISTRY. Copies of the affidavit and statement are attached hereto and marked "Exhibit 3" and "Exhibit 4".

The affidavit, "Exhibit 3", lists the instrument of taking as being recorded with the REGISTRY in Book 10662, Page 16, when in fact the instrument of taking "(Exhibit 2") is recorded with the REGISTRY in Book 10662, Page 17.

On June 15, 1971, Albert H. Katseff conveyed his interest in the locus to Samuel Katseff by deed recorded in Book 12020, Page 333, at the REGISTRY, a copy of which is attached and marked "Exhibit 5". On November 2, 1973, by deed recorded with the REGISTRY at Book 12564, Page 229, Samuel Katseff conveyed the locus to Miriam R. Katseff, Trustee of MRK Realty Trust, "subject to mortgages and encumbrances of record", a copy of which is attached hereto and marked "Exhibit 6". Simultaneously, a purchase money mortgage was given by Miriam R. Katseff, Trustee, to Samuel Ketover in the amount of Twenty-Seven Thousand, Five Hundred and 00/100 ($27,500.00) Dollars. In January, 1979, Samuel Ketover commenced foreclosure of the aforesaid mortgage complying with all statutory requirements

therefor and by foreclosure deed dated May 21, 1979, recorded with the REGISTRY at Book 13709, Page 146, conveyed the locus to the Plaintiff "subject to mortgages and encumbrances of record", a copy of said deed being attached and marked "Exhibit 7", the locus is parcel #11 in said deed.

The Plaintiff is a Land Development Corporation and the interest conveyed by means of the aforesaid instrument (Exhibit 7) involves a tract of land in excess of 200 acres of which the 23.7 acres of land herein involved are a part. Prior to acquisition no title search was conducted by the Plaintiff. From the time of the taking on September 30, 1964 through January of 1980 no attempt was made by anyone to redeem the property nor was any tender made of the unpaid taxes.

From the date of the "taking", October 13, 1964 to the present the TOWN has not advertised the locus for sale pursuant to General Laws Chapter 60, sec. 79 nor conveyed same to any person nor to itself.

The Plaintiff has been notified by the TOWN, through its authorized representatives, that the locus will be advertised for sale and an auction held pursuant to General Laws Chapter 60, sec. 79. The Plaintiff has offered to redeem the locus from the "taking" by payment of all taxes, interest and expenses due in connection therewith, but the TOWN and its TREASURER and other authorized representatives and officers have refused to accept the offer and have refused to allow the Plaintiff to redeem the locus.

An actual controversy exists between

the parties. The exhibits to which reference is made in the Agreed Statement of Facts are incorporated herein for the purpose of any appeal.

General Laws Chapter 60, Section 62, as most recently amended by St. 1979, c. 503, sec. 2, provides that "any person having an interest in land taken or sold for nonpayment of taxes . . . or his heirs or assigns, at any time prior to the filing of a petition for foreclosure under section sixty-five, if the land has been taken or purchased by the town and has not been assigned, may redeem the same . . ." "Interest" has been broadly construed as used in tax redemption statutes. As was said by the Supreme Judicial Court as early as 1912 in **Union Trust Company v. Reed,** 213 Mass. 199 (1912)

> Generally tax redemption statutes, being remedial in their nature, are interpreted liberally in favor of a person seeking to recover his land, and the word "owner" in this connection has received a broad rather than a narrow meaning. It is the policy of the law to favor redemption from tax sales. But it is not necessary to decide whether the word "owner" is broad enough in its significance to include an attaching creditor, because we are of opinion that he comes within the descriptive phrase of the statute, "any person having an interest in any such land." Interest, in common speech in connection with land, includes all varieties of titles and rights. When given its plain and natural meaning it comprehends estates in fee, for life and for years, mortgages, liens, easements, attachments, and every kind of claim to land which can form the basis of a property right. No reason appears for placing upon the words of the statute a strict

interpretation in the present instance.

It is true that section 62 is framed in such a way as to apply to instances of judicial foreclosure in this Court, but nowhere in chapter 60 is there any inference that the category of persons entitled to redeem is more narrow in an administrative foreclosure. The plaintiff appears to be the successor in title of the original assessed owner. If the latter were entitled to redeem if he had not disposed of his interest, then the plaintiff may redeem as well.

The real question in the case is not the plaintiff's status but whether after the lapse of fourteen years the right of redemption still is open since the premises have not as yet been sold by the Town Treasurer. At the time the premises were taken by the defendant Town, title vested in it subject to the right of redemption by the owner for at least two years after the taking. G.L. c. 60, secs. 62 and 65. **Johnson v. McMahon,** 344 Mass. 348 (1962). Today the period of self-restraint on the Town's part has been shortened to six months by St. 1973, c. 1215, sec. 5 in the case of Land Court proceedings, and to ninety days in the case of the initiation of low value foreclosure proceedings by virtue of section 6 of said 1973 amendment.

Both in 1966 and today there were available to the Town two methods of foreclosing the equity of redemption. The first alternative is a judicial foreclosure of the rights of redemption in this Court. G.L. c. 60, secs. 64-75. The other alternative is a procedure available only where the value of the premises is not in excess of $2,500; in such cases the Town may use the administrative process provided by the General Court.

The differences in the two methods are explained in **Johnson v. McMahon, supra** at 353. The administrative course provides for an inquiry by the Commissioner of Corporations and Taxation on his own volition or on

written application of the Town Treasurer as to the value of the premises and other statutory standards. Once the Commissioner makes his determination, he issues an affidavit of compliance with the statutory conditions. The affidavit then must be filed with the appropriate Registry of Deeds. However, the precise working of the administrative machinery differs now from that in 1966 since the provisions of section 79 have been amended several times since the tax taking in question here. For example, it was not until 1968 that there was added to the third paragraph of said section 79 "Title taken pursuant to a sale under this section shall be absolute upon the recording of such deed of the treasurer." St. 1968, c. 353, sec. 1. Section 2 of the amendment specifically provided that it was to apply only to sales made on and after **December 31, 1966.** At all applicable times, however, there had been a requirement of an additional step after the recording of the Commissioner's affidavit before the right of redemption is foreclosed. The property must be sold in accordance with the requirements of section 79. It is such a sale, which cuts off the right of redemption. See **Johnson v. McMahon, supra.** Even where the sale has been held but has not been consummated, the courts have restrained its closing where considerations of fairness require that redemption be permitted. **West v. Board of Selectmen of Yarmouth, supra.**

The question of constitutionality of the low value tax proceedings, particularly as from time to time and from place to place administered, has caused grave concern where notice of the sale has not been given to the party entitled to redeem, but in one of the more recent cases in this field the Court on the basis of the particular facts found it unnecessary at that time to review constitutionality. **Bigham v. Commissioner of Corporations and Taxation,** 371 Mass. 270 (1976). This continuing concern has led to a concerted effort to be certain that the rights of all

parties are protected whenever a question is presented to this Court relative to the validity of the so-called low value tax foreclosure proceedings.

It is not necessary in any event on the present facts to reach the question of the protection of the owner's rights. It is clear under section 79 and the cases decided thereunder that the low value tax foreclosure procedure is not complete until the property has been sold pursuant to G.L. c. 60, sec. 79, either to the Town or to a third party. So far as appears from this record, the Town has never scheduled a sale even though the tax taking occurred sixteen years ago, and the commissioner's affidavit was filed for record in 1966. Until there is a sale the cases as well as the statute make it clear that the right of redemption continues. See **Johnson v. McMahon; West v. Board of Selectmen of Yarmouth; Bigham v. Commissioner of Corporations and Taxation, all supra.**

The Town relies on the provisions of G.L. c. 60, sec. 79 which reads in part as follows:

> . . . If the sale under this section shall not be made within four years from said taking or purchase, it shall be made by the treasurer for the time being when he deems best, or at once upon service on him of a written demand by any person interested therein.

There is nothing in this statutory provision which leads to a conclusion that the right of redemption automatically is foreclosed at the expiration of four years. It may be, as was intimated in **Johnson,** that if the treasurer is served with a "written demand by any person interested therein," he then has a duty to sell. There is no evidence here that any such written demand has been made. Rather it is the Town's position that in view of the lapse of time all rights of redemption have been foreclosed without the necessity of a sale. Tax foreclosure is a statutory field, and the statutes clearly do not so provide.

Therefore, on all the facts as agreed by the parties and set forth above I find and rule that plaintiff may redeem if it pays to the defendant treasurer within thirty days from the date thereof the amount of the tax title account together with interest thereon and expenses to the date of payment; provided, however, that if said account does not include taxes for the years 1964 to date, there is to be a reassessment pursuant to G.L. c. 59 sec. 77. It should be noted that if I had decided otherwise, the plaintiff in any event would be entitled to the excess of the proceeds of sale over the amounts due the Town, but it should not be forced to accept money rather than that unique commodity, the land, and the Courts in a myriad of various situations always have so provided.

Decree accordingly.

**Marilyn M. Sullivan**
**Justice**